*307
 
 Ruffin, 0. J.
 

 Upon all the questions of evidence, the ruling of his Honor was, in the opinion of this Court, right. It was not competent to establish that the woman was the prisoner’s concubine, or any fact from which that relation might be inferred, merely upon the prisoner’s own declaration of it, and especially when the declaration refers to a period and act different from those which enter into the particular offence charged in the indictment. A person cannot thus make evidence for himself.
 

 That familiarities had occurred, indicative of habitual criminal connexion between those persons, as proved by the prisoner’s fellow servant, was properly left to the jury, as tending to disprove the probability of the use of force or fear by the prisoner, and to discredit the witness for the State. No doubt, too, that it would have been proper to receive evidence, that the woman was a strumpet, upon similar grounds ; and particularly, that she had illicit intercourse with other negroes. But that ought only to be done upon general evidence: for it is a question of character, and, as in other cases when that question arises, it would be a complete surprise, if particular instances of such familiarity with a certain person, or with certain persons, were received as evidence to establish the character. The point, indeed, is not new, but was so ruled in a case of this sort by eight Judges in 1811,
 
 Hodson’s case,
 
 Russ and Ry. 211 ; and was held also in
 
 Rex
 
 v.
 
 Clarke,
 
 2 Stark. Rep. 241.
 

 The offer of the husband to compound the prosecution was irrelevant, and therefore calculated only to mislead; and was properly rejected. His motives for instituting the prosecution, if he did so, which is not stated, may not have been good; but that does not tend to shew that she was not credible, or that the facts were not as she had sworn they were. The husband’s acts and delarations are not evidence to discredit the wife. It is said, however, that the offer was made in her presence, and that as she did not object, she is to be taken to have assented
 
 *308
 
 to it. But it is plain, that she had no right nor power to interfere in the matter, and that her assent or dissent could avail nothing. If the husband had undertaken to state the facts as they occurred, or as they had been stated to him by his wife, and that statement had varied from the evidence given by .her. and she suffered it to pass without notice and correction, it would have been proper evidence to contradict and discredit her. He did not, however, profess to relate 'the facts at all, but merely offered to compound the prosecution: which he might have done, as well if it was instituted for acts committed by the prisoner, as if it were for acts falsely imputed to him by the wife. The evidence is too slight and vague to found any just suspicion of a conspiracy between the husband and wife, to prosecute the prisoner upon a false accusation — since there is nothing but the silence of the wife oh a point, in which she had in law and fact no control over her husband.
 

 The confession of the accused freely made is evidence against him; and, as,far as appears,this was of that sort. There was no attempt to shew that Springs induced the prisoner to make it by any impression of hope or fear; nor even a suggestion that such an impression had been previously made on him by any person, from the influence of which this might have proceeded. All that is in the case are the circumstances that the prisoner was in jail when he confessed, and that he said he was not aware of the punishment inflicted by the law for that offence. But there is no doubt, that a confession made in prison is evidence, provided it be the prisoner’s own act, not unduly obtained by promises or threats. And, certainly, a confession cannot be deemed the less voluntaiy, ór the less to disclose the truth, because the person was not under the temptation to conceal or misrepresent the facts, which a knowledge, that the offence Avas capital, might have produced. If, indeed, the prisoner had been deceived on that point by ■ the witness, it would be different: as that would really
 
 *309
 
 bo obtaining the confession by falsely exciting an unfounded hope and belief. But the mere fact that the prisoner was not aware of the degree of his crime and therefore, was not aware of all the consequences that might ensue from the confession, is no objection to using it; for it affords no presumption, that it was not a voluntary act of the prisoner, or that he may have accused himself therein of some things of which he was innocent.
 

 Upon the whole, nothing is found in the exceptions or record, on which the judgment ought to be reversed; which must be accordingly certified to the Superior Court.
 

 Per Curiam. Ordered to be certified accordingly-.