State *v.* Reed.

THE STATE OF VERMONT *v.* ALBERT REED.

*Rape.   Evidence.*

Upon a trial for rape, if the woman alleged to have been forced, is examined as a witness for the state, she may be asked on cross-examination, whether at a specified time and place she had illicit intercourse with a person named.

The decision of this point in the case, *State* v. *Johnson,* 28 Vt. 512, approved.

INDICTMENT in two counts, for rape and assault with intent to commit rape.   Plea, not guilty, and trial by jury at the December Term, 1866, BARRETT, J. presiding.

The State's Attorney called as a witness Amaretta Marcott, named in the indictment, whose testimony tended to prove the allegations in the indictment, and that the respondent had had sexual connection with her against her will.

Upon cross-examination the counsel asked her whether she knew Eleazer Harwood, a conductor on the railroad ?   She replied that she did not, perhaps she might have seen him.   He then asked her whether she did not have sexual connection with him last spring or fore part of summer, when he was accompanying her home along the railroad track ?   This was objected to, and rejected by the court,—to which the respondent excepted.

The respondent gave evidence tending to show that her character for chastity was bad, and the government gave counter proof on this point.

No exception was taken to the charge of the court.   The jury returned a verdict of guilty.

State *v.* Reed.

*Norman Paul*, for the respondent.

I. The court erred in refusing to allow the respondent to inquire of the prosecutrix, on cross-examination, if she had not had sexual connection with other men, naming them and giving the time and place of the transaction. We claim this evidence was competent for the consideration of the jury, and should have been received by the court. *State* v. *Johnson*, 28 Vt. 512; *Very* v. *Watkins*, 32 E. C. L. 628; *People* v. *Abbott*. 19 Wend. 192; *Rex* v. *Martin*, 25 E. C. L. 575; *Rex* v. *Barker*, 14 E. C. L. 730; *Commonwealth* v. *Murphy*, 14 Mass. 387.

*J. F. Deane*, State's Attorney, for state.

I. The rule laid down in 3 Greenleaf on Evidence, section 214, we regard as sound law. The same principle is clearly stated in 1 Greenleaf on Evidence, section 54, and notes.

Judge BENNETT in his Vermont Justice, p. 575, cites the rule with the opinion that it is sound law. See also 1 Phillips on Ev. 4 Am. Ed., Cowen and Hill and Edward's notes, 761, 762; 1 Crim. Lead. Cases, 228; *Rex* v. *Hodgson*, 1 Russ. & Ryan, 211; *Rex* v. *Clark*, 2 Stark, 241; *Rex* v. *Aspinwall*, 2 Stark. Ev., 700; *Regina* v. *Allen*, 1 Brown's Justiciary R. 500, (1844,) cited in Kinne's Law Compendium, vol. 5, p. 202; See Judge BENNETT's dissenting opinion in the case, *State* v. *Johnson*, 28 Vt. 518.

II. The case *State* v. *Johnson*, 28 Vt. 512, we can hardly regard as good authority. It was the opinion of a divided court, and we apprehend it was, and is regarded by a large majority of the profession in the state, as a wide departure from the ancient land marks of the law; in fact, a perversion of principles that have received the approval of the best legal minds in the past and present.

The opinion of the court was delivered by

STEELE, J. The exact question raised by the exceptions was thoroughly discussed and decided in favor of the respondent in the case *State* v. *Johnson*, 28 Vt. 512. Before that decision was made, the question was, at least, debatable both upon reason and authority, and it was, perhaps, more important that the point should be settled,

State *v.* Reed.

than how it was settled. The court were not unanimous in that decision, but we should require strong reasons for overruling the case and denying a respondent the privilege which the majority of the court then solemnly held was his right. In this view, we have not thought it necessary, even if fitting, to enter into an extended consideration of the authorities upon the subject. We do not wish, however, to be considered as casting a doubt upon the original correctness in principle of that decision. Testimony of the general reputation for chastity of the person who claims to have been the victim of the crime of rape, and testimony of her previous illicit intercourse with the *prisoner*, are, upon all the authorities, confessedly admissible as tending to show that the act of which she complains may not have been against her will. The testimony here offered has practically the same tendency though inferior in force and conclusiveness. The difference is rather in the degree than in the quality of the evidence. If the woman, alleged to have been forced, had admitted on her cross-examination that she had sexual intercourse beside the railroad track with the person named, the admission would justly have had considerable weight in favor of the prisoner, particularly connected, as it was, with testimony of her general bad reputation for chastity. The jury would be less ready to conclude that a woman, who had once improperly yielded, afterwards properly resisted, than they would if she had been a woman of unquestioned virtue. The defence, in cases of this nature, usually rests mainly upon circumstances, and the cross-examination of the party who complains that she has been forced. Such cross-examination should, therefore, be allowed to be as unrestrained and searching, as is consistent with the rules of law. We are not disposed, in order to abridge this privilege, to overrule a recent decision of the supreme court in this state.

New trial granted.