# STATE v. EDDIE J. HOLLENBECK.

## May Term, 1894.

*Rape.   Cross-examination of prosecutrix.   Intercourse with other men.   Relations with respondent. Evidence.*

1. The respondent in a prosecution for rape may inquire of the prosecutrix upon cross-examination whether she had intercourse with a certain person at about the time of the alleged offence.

2. He may also show upon such cross exsmination that the relations between himself and the prosecutrix were friendly and cordial before the alleged offence and continued equally so afterwards.

3. Where the right of cross-examination is denied at the time when it should have been allowed, the error is not cured by subsequently recalling the witness and offering to the excepting party the privilege of cross-examination which he desires.

4. Evidence that a third person, at the request of the prosecutrix but not in her presence, told her mother of the alleged rape, is inadmissible.

Indictment for rape. Plea, not guilty. Trial by jury at the September term, 1893, Chittenden County, Taft, J., presiding. Verdict, guilty. The respondent excepts.

The prosecutrix was fourteen years of age and a member of the family of Geo. Hollenbeck, a brother of the respondent. The testimony showed that soon after the alleged offence she informed Mrs. Hollenbeck what had happened

and requested her to tell Mrs. Gilman, the mother of the prosecutrix. Thereupon the state introduced Mrs. Gilman as a witness, who was permitted to testify, against the objection and exception of the respondent, that Mrs. Hollenbeck did tell her, not in the presence of the prosecutrix, of the complaint which had been made to her.

The other questions decided sufficiently appear in the opinion.

*J. A. Brown* for the respondent.

The respondent should have been permitted to cross-examine the prosecutrix as to her intercourse with Billet. *State* v. *Johnson*, 28 Vt. 512 ; *State* v. *Reed*, 39 Vt. 417.

*J. E. Cushman*, state's attorney, for the state.

START, J.　The respondent is charged with having committed the crime of rape. The prosecutrix was a witness for the state, and, on cross-examination, was inquired of as to whether, at about the time the alleged offence was committed, she had intercourse with one Billet. The court excluded the question and the respondent excepted. This inquiry was proper on cross-examination, and should have been allowed. The precise question presented by this exception was decided in favor of the respondent in *State* v. *Johnson*, 28 Vt. 512, and in *State* v. *Reed*, 39 Vt. 417, and an extended consideration of the authorities upon the subject is unnecessary.

The fact that the state, later in the trial, called the prosecutrix as a witness upon the same subject, and the respondent had an opportunity to cross-examine and declined to do so does not deprive him of the benefit of this exception. He had a right to examine her upon this subject at any time during her cross-examination. At the time he proposed to examine her upon the subject of her relations with Billet, she had not been

inquired of by the state in respect to the matter. Therefore a cross-examination upon the subject at that time might have been of material advantage to him; for if the prosecutrix was untruthful, she would naturally be better prepared to withstand a cross-examination after her attention had been called to the subject by inquiries made by the party calling her.

While the prosecutrix was being cross-examined by the respondent, he proposed to show by her that her relations with the respondent were friendly and cordial at the time of the alleged commission of the act complained of, and continued so thereafter. This was excluded, and the respondent excepted. While the respondent was putting in his evidence in defence, the court told him he could examine the prosecutrix upon this subject, and he declined to do so. The respondent had a right to inquire of the prosecutrix in regard to this matter while he was cross-examining her, and the denial of that right was error. He had a right to make this inquiry in cross-examination with a view to discrediting the evidence of the witness. Her testimony tended to sustain all the allegations in the indictment; she was a material witness, and probably the only witness, upon the question of whether the act complained of was by force and against her will. If she sustained friendly and cordial relations with the respondent before and after the act complained of, the fact that such relations continued would have a strong tendency to discredit her claim that the act was by force and against her will, and render it more probable that the act was without force and with her consent. The respondent had a right to discredit the story told by her, by cross-examination, if he could. He was not obliged to defer the examination upon this subject until he came to his side of the case, and then call her as his own witness and undertake to discredit her story by direct inquiries. In cases of this kind great latitude is and should be allowed in conducting a

cross-examination. Usually the prosecutrix is the only witness upon the question of whether the act was by force and against her will, and without her testimony no conviction can be expected. It is all important to the respondent that he discredit her testimony, and usually his only means of doing this is by cross-examination. If he cannot cross-examine the prosecutrix with a view to discrediting her story, he is deprived of the substantial benefits of a cross-examination. In *State* v. *Reed, supra,* it is said that the defence, in cases of this nature, usually rests mainly upon circumstances, and the cross-examination of the party who claims that she has been forced. Such cross-examination should, therefore, be allowed to be as unrestricted and searching as is consistent with the rules of law.

The testimony of Mrs. Gilman, in respect to what Mrs. Hollenbeck told her about the prosecutrix complaining of the alleged offence, was clearly hearsay evidence and should have been excluded. It was introduced, and was doubtless considered by the jury as confirmatory of the evidence given by the prosecutrix, and must have been prejudicial to the respondent.

*Exceptions sustained, judgment and sentence reversed, and cause remanded for new trial.*

Thompson, J., being employed in county court, did not sit.