Lee v. State.

## SPENCER LEE *v.* STATE.

### (*Knoxville.* September Term, 1915.)

**1. CRIMINAL LAW. Trial. Custody of jury.**

In a capital case, it is improper and constitutes reversible error to permit the jury to go at large pending the trial, even though accused consent; this depriving him of his constitutional guaranties of fair and impartial trial by jury. (*Post, pp.* 656, 657.)

Case cited and approved: Long v. State, 132 Tenn., 649.

**2. RAPE. Evidence. Admissibility.**

In a prosecution for rape, evidence of other acts of intercourse between the prosecutrix and other men is admissible, not only on the question of the prosecutrix's credibility, but on the probability of consent. (*Post, pp.* 657-662.)

Cases cited and approved: Rex v. Hodgson, 14 L. R. A. (N. S.), 714; Benstine v. State, 70 Tenn., 169; Titus v. State, 66 Tenn., 132; People v. Abbot, 19 Wend. (N. Y.), 192; People v. Jackson, 3 Park, Crim. Rep., 391; State v. Johnson, 28 Vt., 512; Brennan v. People, 7 Hun. (N. Y.), 171; People v. Benson, 6 Cal., 221; Watry v. Ferber, 18 Wis., 501; Ford v. Jones, 62 Barb. (N. Y.), 484; State v. Patterson, 88 Mo., 88; Reg. v. Cockroft, 11 Cox C. C., 410; Reg. v. Riley, 16 Cox. C. C., 191; Rex v. Martin, 6 Car. & P., 562; McQuirk v. State, 84 Ala., 435; Rice v. State, 35 Fla., 236; Shirwin v. People, 69 Ill., 55; Bedgood v. State, 115 Ind., 275; State v. Cook, 65 Iowa, 560; State v. Jefferson, 28 N. C., 305; State v. Reed, 39 Vt., 417.

Case cited and distinguished: State v. Ogden, 39 Or., 195.

**3. RAPE. Evidence. Admissibility.**

In a prosecution for rape, evidence of prior intercourse between prosecutrix and accused is admissible to raise an implication of consent. (*Post, pp.* 657-662.)

FROM BLOUNT.

Appeal from the Circuit Court of Blount County.—
S. C. BROWN, Judge.

McTEER & KRAMER, for appellant.

WM. H. SWIGGART, JR., Assistant Attorney-General,
for the State.

MR. JUSTICE FANCHER delivered the opinion of the
Court..

Spencer Lee was convicted of rape committed on the
person of Mary Finger, a married woman. There are
several assignments of error. We notice one incident
on the trial which is not assigned as error, but, inas-
much as it is material to the case, we will look to it
without an assignment.

An order in the record showing the process of the
trial in the case recites that after the jury had been
selected, impaneled and sworn, and having heard a part
of the evidence, they were respited from further hear-
ing until the meeting of the court the next morning,
and, by consent of the attorney general, the defendant,
and his counsel in open court, they were allowed to go
without being put in charge of an officer. The record
shows that the next morning the remaining evidence
was introduced, and the case argued by counsel, where-

upon the jury received their charge, and on the same day returned a verdict of guilty.

In the case of *Bud Long* v. *State,* 132 Tenn., 649, 179 S. W., 315, decided at the present term, we held that it was improper and constituted reversible error to permit the jury to go at large pending the trial of the case, on the ground that the defendant, under his constitutional guaranties of a fair and impartial trial by a jury, is entitled to have the jury removed from all possible contamination and influence, and that to permit the jury to depart and separate, and not to keep them under the charge of an officer, as is required by law, is such material innovation upon the rights of defendants to have this fair and impartial trial that the court will reverse the case for this alone. This was held, notwithstanding the fact that the defendant consented that the jury might separate. The reason for this ruling is stated in the opinion in that case, which is filed for publication, and will not be repeated in this opinion.

This case is also reversed for the same reason, and will be remanded to the lower court for a new trial.

There is an assignment of error with respect to the charge of the trial judge, which we deem it is proper to notice. The court charged the jury as follows:

"Further, gentlemen, should you believe that Mary Finger had had sexual intercourse with the defendant or with other men or boys before the time in question, the 22d of last July, you may look to said acts of lewdness, if shown in the proof, only for the purpose of

shedding light upon her credibility as a witness in this case.''

This instruction was not explained or qualified by any other portion of the charge. There was considerable evidence tending to show illicit acts with other men and boys, and also with the defendant previous to the act in question. The weight of this evidence should not have been limited to the effect upon the credibility and standing of the state's witness Mary Finger. Such proof is competent as bearing directly upon the principal question at issue, that is, whether the intercourse was by force or with the consent of the injured female, and this for the reason that no impartial mind can resist the conclusion that a female who had been in the recent habit of illicit intercourse with others will not be so likely to resist as one who is spotless and pure.

The rule in many States is in accordance with the holding of the trial judge, and such is the rule also laid down by Greenleaf, vol. 3, sec. 214, and it is said that it was probably derived from the English cases of *Rex* v. *Hodgson,* and *Rex* v. *Aspinwald.* However, as pointed out in *Benstine* v. *State,* 2 Lea, 169, 31 Am. Rep., 593, and *Titus* v. *State,* 7 Baxt., 132, that rule was not adhered to in Tennessee.

There is a very interesting review of authorities on this subject in the note in 14 L. R. A. (N. S.), pp. 714 to 723. It appears that there is great diversity of opinion, but that the greater number follow the ruling in *Rex* v. *Hodgson,* supra. So, if the weight of author-

ity is to be determined by the number of reported opinions, the greater weight must be said to be on that side.

It appears, however, that a respectable number of courts are with our own Tennessee court in their adherence to the contrary reasoning of Mr. Justice Cowan in *People* v. *Abbot,* 19 Wend. (N. Y.), 192. This learned judge contended that, inasmuch as the offense was always done in secret and commonly proved by the testimony of the prosecutrix alone, every fact ought to be received which tended to prove the absence on her part of the utmost reluctance and resistance to the connection. And, although the body of a harlot may, in law, no more be ravished than the person of a chaste woman, nevertheless it is true that the former is more likely than the latter voluntarily to have yielded.

Later the New York court, in *People* v. *Jackson,* 3 Park, Crim. Rep., 391, disapproved of the holding in *People* v. *Abbot,* on the ground that the weight of authority was against it, and that the remarks of Justice Cowan were *obiter dicta.* These views of that learned judge have been emphatically approved in other cases. Our own court, in *Titus* v. *State,* adopted his argument, and said: "We deem this reasoning unanswerable on the question." The Vermont court, in *State* v. *Johnson,* 28 Vt., 512, expressly approved the holding, as is done in *Brennan* v. *People,* 7 Hun (N. Y.), 171; *People* v. *Benson,* 6 Cal., 221, 65 Am. Dec., 506; *Watry* v. *Ferber,* 18 Wis., 501, 86 Am. Dec., 789; *Ford* v. *Jones,* 62 Barb. (N. Y.), 484.

In *State* v. *Patterson,* 88 Mo., 88, 57 Am. Rep., 374, Sherwood, J., referred to Judge's Cowan's opinion as having been criticized, but frequently followed, and that the reasoning of that case he had not seen answered, nor did he believe it could be.

After all, where opinions are in conflict, it is not so much the duty of a court to follow the greater number of decisions as it is to adopt the sounder reasoning. The opposite view has been sustained by some because it had the larger number of adherents. The best, and in fact the only valid, reason for this adherence is expressed by the Oregon court in the case of *State* v. *Ogden,* 39 Or., 195, 65 Pac., 449, as follows:

". . . While a prosecutrix, as a witness in an action of rape alleged to have been committed upon her, is expected to defend her general reputation for chastity, she cannot anticipate the charges of specific acts of illicit intercourse which may be made by men who perhaps have been suborned to testify. . . ."

We admit that this affords some reason for that view. But does it outweigh the other reason in favor of such proof, that a defendant charged with this capital crime should have the benefit of all facts which may show the probability of consent on the part of the woman? If her character is good, it will indeed be hard to successfully impeach it, and as a rule the effort will not be made. Former acts of this nature with other men might not indicate so much a probability of consent with this man, but the fact, if true, as claimed, that she induced a relationship that began when he was a boy

Lee v. State.

and continued on after she was married and up to the time of the alleged offense, would point most strongly in favor of her consent on this occasion. The rejection of the testimony for that purpose is very prejudicial.

Acts of sexual intercourse may always be proven between the prosecutrix and the defendant upon a trial for common-law rape prior to the alleged offense, for the purpose of raising an implication of consent. This has been held quite generally. *Reg.* v. *Cockroft,* 11 Cox C. C., 410; *Reg.* v. *Riley,* 16 Cox C. C., 191; *Rex* v. *Martin,* 6 Car & P., 562; *McQuirk* v. *State,* 84 Ala., 435, 4 South., 775, 5 Am. St. Rep., 381; *Rice* v. *State,* 35 Fla., 236, 17 South., 286, 48 Am. St. Rep., 245; *Shirwin* v. *People,* 69 Ill., 55; *Bedgood* v. *State,* 115 Ind., 275, 17 N. E., 621; *State* v. *Cook,* 65 Iowa, 560, 22 N. W., 675; *State* v. *Jefferson,* 28 N. C., 305; *State* v. *Reed,* 39 Vt., 417, 94 Am. Dec., 337.

It is here where the authorities divide. The sharp conflict in the decisions is over the competency of acts of intercourse between the prosecutrix and other men than the accused. There is a greater reason for the introduction where the proof is of acts between the direct parties, but all acts, conversations, and admissions of the woman tending to show that she is a prostitute, or of easy virtue, should be admitted for the twofold purpose of showing her character as affecting her testimony, and also to raise an implication of her consent.

The effect of the instruction of the trial judge to the jury on this subject was to reject, for the purpose of shedding light on the question of consent, not only

acts with other men and boys, but the intimate relations testified to with the defendant.

The defendant in this case does not deny the act of carnal knowledge, but says that it was with her consent. This being the principal issue in the case, any previous acts upon her part testified to, if true, should be considered by the jury in coming to a conclusion as to whether she consented or not.

The court should have charged the jury that the evidence in question is proper and should be looked to, not only for the purpose of shedding light upon the credibility or standing of Mary Finger as a witness in the case, but also as an aid for the jury to determine whether the intercourse was by force or by her consent.

All the other assignments of error with respect to the admission of testimony and special requests to charge the jury are each and all overruled. We find no error on the part of the trial judge other than as set out in this opinion. We omit any other comment upon the testimony in the case, for the reason that it is to be again tried upon the facts.