JAMES F. INGOLSBY *v.* MARY BURNETT, BY NEXT FRIEND.*

AND

JAMES F. INGOLSBY *v.* A. A. BURNETT.

(*Knoxville,* September Term, 1930.)

Opinion filed July 20, 1931.

*Instructions to jury as to improper statements of counsel, see 2 R. C. L., 433.

174

S. BRUCE JONES and CURTIN & HAYNES, for plaintiff in error.

DONALD T. STANT and CALDWELL, BROWN & O'DELL, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

In the first styled case Mary Burnett, a minor, sues by next friend, to recover damages resulting from injuries received when struck by an automobile operated by Ingolsby. In the second case her father sues for loss of services. The cases were tried together, and resulted in verdicts for $1200 and $800, respectively. The Court of Appeals affirmed both judgments.

The first assignment of error is as follows:

"The learned Court of Appeals erred in overruling petitioner's first assignment of error in both cases, which assignment was as follows:

" 'During the trial of these cases one of appellees' attorneys, in the presence of the jury, asked the plaintiff-witness, Mary Burnett, the following question:

" ' "State if the attorneys representing the company, the insurance company, asked you to go to their doctor, Dr. Rogers?"

" 'Defendant's objection to this question was sustained and the jury instructed to disregard the question. Whereupon, the defendant moved the Court to discharge the jury and grant a new trial. The Court overruled this motion, defendant saving exception. The action of the Court in overruling said motion was assigned as error in appellant's motion for a new trial in each case which was overruled by the Court, the appellant excepting and appealing. This was error on the part of the Court.' "

The Court of Appeals found as a fact that counsel asking the question was not familiar with the decision in *Manufacturing Co.* v. *Woodall*, 115 Tenn., 605, 609, and this finding is not questioned by an assignment of error. In that case counsel brought the matter of defendant's insurance before the jury four times, three times in examining witnesses, and afterwards in argument. The court said:

"We regard the present case, in the phase we have been considering, as exceptional in its character, and while, under ordinary conditions, this court will not interfere with the exercise of legal discretion by the circuit judge in the limitations he imposes or refuses to impose upon counsel in the conduct of their cases, and in declining a new trial by reason of such conduct, yet, when we find a persistent abuse of well-established and universally recognized rules of correct practice, it is then

our duty to interpose, and to do that which should have been done by him.''

In the cases under consideration, after the court had held the question incompetent and excluded it from consideration by the jury, no further effort was made to inject this matter into the cases.

In 56 A. L. R., 1496, the annotator says: ''The more reasonable and just rule would seem to be that, while attempts to elicit that defendant is insured are improper, and statements implying such fact are highly prejudicial if the trial judge promptly sustains objection thereto, and is careful to instruct the jury not to consider this matter, and to see that no prejudicial inference arises, it is not necessary to declare a mistrial or withdraw a juror; and the higher court will not reverse a judgment in favor of the plaintiff.'' In the note will be found many cases supporting the text.

Again, in the same book on pages 1509-1511, it is said: ''In accord, however, with the better view, the majority of the courts hold that prompt exclusion of questions designed to elicit testimony with regard to insurance carried by the defendant, coupled with instructions to the jury to disregard the improper matter, sufficiently protects the defendant's rights, without requiring the judgment rendered to be reversed, especially if it can be said as a fact that the verdict was not affected thereby, and the plaintiff does not persist in attempting to get the objectionable matter before the jury, and thus override the ruling of the court against him.''

This rule appears to us to be sound upon principle and is supported by the decided weight of authority, and we therefore approve it.

There are many qualifications and exceptions to the general rule excluding evidence of this character which are elaborated upon in the above annotation, beginning on page 1432.

Many authorities hold that where the attempt to get such incompetent evidence before the jury is wilful a reversal will be ordered.

We are of the opinion that, in the circumstances of these cases, the trial court did not commit error in overruling the motion for a mistrial.

The only other assignment of error complains of the failure of the other courts to grant a new trial because of newly discovered evidence. We are unable to say that there was an abuse of discretion in overruling this ground of the motion for a new trial. If, however, we were of a contrary opinion, we could not reverse because the bill of exceptions fails to state that it contains all of the evidence heard on the motion for a new trial.

Writ denied.