## HAVRON v. PAGE.—157 S. W. (2d), 856.

Middle Section.  October 11, 1941.

Petition for Certiorari denied by Supreme Court, January 17, 1942.

Wm. C. Bowen and Lurton Goodpasture, both of Nashville, for plaintiff in error Administrator.

Cate & Cate and John C. Sandidge, all of Nashville, for defendant in error Page.

CROWNOVER, P. J.  This suit was originally instituted by Mrs. Julia Bain as next friend of James Bain, Ralph Bain and Mary Bain, minors, against the defendant Page for damages for the wrongful death of John B. Bain caused by the defendant's negligently driving his truck, while backing, upon, against and over said John B. Bain.

The action was later amended so as to sue in the name of James C. Havron, as administrator of the estate of said John B. Bain, deceased.

The declaration contained three counts. It was averred in the first count that plaintiff's intestate John B. Bain was in the employ of the Works Progress Administration, which was at the time engaged in resurfacing the east side of Eighth Avenue in the City of Nashville; and that Bain, with other workmen, was engaged in sweeping said street preparatory to the application of the asphalt, and that the defendant Page while operating his truck hauling asphalt and dumping same in the street, for the purpose of the construction of the surface, negligently and recklessly operated the truck backwards at a high and dangerous rate of speed of 30 miles per hour, ran said truck against, upon and over the body of said John B. Bain, inflicting injuries upon him from which he died.

By the second count it was averred that defendant Page knew that a truck being operated backwards at a high rate of speed was a dangerous instrumentality, and notwithstanding his knowledge he operated the same backwards at a high rate of speed without providing any means of giving warning of the approach of said truck, without proper brakes, and without having same under proper control, as a result of which negligence John B. Bain was killed, while he was sweeping said street.

By the third count it was averred that defendant Page, in backing said truck, negligently moved out of the cab of said truck and rested

his feet and body upon the running board of said truck in such position as not to be able to apply the brakes, while operating said truck down grade at a high rate of speed of 30 miles per hour, and ran against, upon and over the said Bain, causing injuries from which he died.

The defendant filed a plea of not guilty.

The action was tried by the judge and a jury, which resulted in a verdict for the defendant. The plaintiff's motion for a new trial was overruled, to which he excepted, appealed in error to this court and has assigned errors, which are, in substance, as follows:

(1) The court erred in declining to charge plaintiff's special request: "I further charge you, Gentlemen of the Jury, that the defendant was required under the law to have horn equipment on his truck, so as to give proper warning at all times."

(2) The jury was prejudiced to such an extent that it arbitrarily failed to weigh and consider the unimpeached witnesses offered by plaintiff.

(3) The court erred in refusing to grant a new trial on the ground of newly discovered evidence.

(4) The jury heard and considered evidence offered by one of its own body while deliberating.

The facts necessary to be stated are that the WPA was resurfacing with asphalt a portion of Eighth Avenue North in Nashville. The plaintiff's intestate and several other men were employed to sweep the street preparatory to an application of asphalt.. The defendant Page was a subcontractor and owned and drove a truck hauling the asphalt to be dumped in the street and spread while hot. He hauled loads weighing more than four tons, and it was necessary for him and others to drive their trucks thus loaded to a barrier near the Werthan Bag Factory and then back down the street to the place of unloading. This truck and other trucks made seven or eight trips every hour. When the truck reached the barrier an employee would yell out. "Watch out, the truck is coming back." This was taken up by the hands and as the truck proceeded back they would repeat the call. The plaintiff's intestate was familiar with this procedure, and on the occasion when this accident occurred the employee yelled "Watch out, the truck is coming back," and other employees repeated the statement as the truck proceeded. The defendant was driving while seated on the edge of the seat outside the cab with one foot on the running board looking back, as was customary, as the truck was slowly backed down the street at the rate of four or five miles an hour. All of the employees except Bain observed the approach of the truck and cleared the way, but Bain evidently did not have notice of its approach and was struck by the truck, which passed over his body, and he received injuries from which he immediately died. No horn was sounded and the defendant did not see the deceased as he was behind an opposite corner of the truck.

The defenses were that defendant was guilty of no negligence and the plaintiff's intestate was guilty of contributory negligence.

At the outset, it will be observed that the plaintiff in error makes no contention that there is no evidence to support the verdict; hence, the questions of negligence and contributory negligence have been settled by the verdict of the jury and the judgment of the lower court.

We will now proceed to examine the assignments of errors.

1. The special request for a charge, as hereinabove set out, is not well made and must be overruled. The court was correct in refusing this charge as the defendant had horn equipment which could be used at any time by touching a wire instead of a button. This evidence is uncontradicted.

It will be observed that no request was made for a charge that defendant was negligent because he did not sound his horn or because he did not give warning of his approach.

The defendant's negligence in not providing the truck with a horn or in having a defective horn is not actionable unless that negligence is the proximate cause of the accident. As above stated, there is no assignment that the defendant was negligent or that his negligence was the cause of the accident.

2. The second assignment is that the jury was prejudiced to such an extent that it arbitrarily failed to weigh and consider the unimpeached witnesses offered by plaintiff. This assignment is not well made as we cannot consider the question whether the jury properly weighed the evidence. When the jury passes on the weight of the evidence this court is bound by its finding. We cannot consider the weight of the evidence. Stacy v. Keller, 1 Tenn. App., 80; Collins v. Desmond, 1 Tenn. App., 54; Joe Davis v. Farris, 1 Tenn. App., 144; Bourne v. Barlar, 17 Tenn. App., 375, 67 S. W. (2d), 751.

The contention that the argument of counsel prejudiced the jury cannot be considered by us as no exception was made at the time. Sherman v. State, 125 Tenn., 19, 140 S. W., 209.

This latter objection about the argument of counsel cannot be considered for the reasons given in the next paragraphs.

3. We cannot consider the third and fourth assignments of errors about the newly discovered evidence and about the misconduct of jurors in making statements about the rules of the WPA while deliberating on its verdict, for the reason that the bill of exceptions does not state that it contained all the evidence adduced on the motion for a new trial. It must so state. Tennessee Procedure by Higgins & Crownover, sec. 1930, note 93; Odeneal v. State, 128 Tenn., 60, 157 S. W., 419. Eatherly v. State, 118 Tenn., 371, 101 S. W., 187.

We cannot consider the facts stated in the motion for a new trial, without evidence of those facts, as a motion for a new trial is merely a pleading and not evidence. Hood v. Grooms, 4 Tenn.

App., 511, 515; Sherman v. State, 125 Tenn., 19, 140 S. W., 209; Adamant Stone & Roofing Co. v. Vaughn, 7 Tenn. App., 170, 173.

It results that all of the assignments of errors must be overruled and the judgment of the lower court dismissing the action is affirmed. The costs of the cause including the costs of the appeal are adjudged against Bain's estate.

Felts and Howell, JJ., concur.