## JOHN E. GUY, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

Court of Criminal Appeals of Tennessee. April 7, 1969.

Certiorari Denied by Supreme Court July 7, 1969.

Joe B. Jones, Memphis, for plaintiff in error.

George F. McCanless, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Nashville, Jesse C. Mason, Asst. Dist. Atty. Gen., Memphis, for defendant in error.

## OPINION

WALKER, Presiding Judge.

The defendant below, John E. Guy, appeals from his conviction of rape and sentence to ten years in the penitentiary.

The proof showed that the victim, Lucille Crawford, a thirty-eight-year-old Negro woman, closed her place of business in Memphis at about 10:30 P.M. on November

20, 1965, and went next door to Charlie's Grill. There she had several drinks of whiskey with two other women and one John Echols, age twenty-two. The defendant, also a Negro, accompanied by four young white men, came into the grill. One of them played the jukebox and the victim was about to dance with him when she was stopped by one of the employees. At about 11:00 P.M. she and Echols decided to go to Woody's Place; the other women planned to join them later. Echols knew the defendant and asked him to take them to Woody's. The defendant agreed to do so, and they started there in a car with the defendant and his companions. She and the defendant were in the back seat.

When near Woody's the driver turned the car in the opposite direction and the victim asked to get out. Echols did get out and was shoved away. Before she could get out, the defendant and his companions drove away with her.

They proceeded to a field, where the defendant struck her and knocked her to the ground, pulled her clothes off and said he was going to have her first. He there raped her. He then knocked her down when she attempted to get up and made her submit to the other men, for which he received money from them. On the way back to the Orange Mound section of Memphis, the victim jumped from the car, ran into a supermarket and screamed that she had been raped and for someone to call the police. She telephoned the police herself and a medical examination showed that she had had recent sexual relations. Her clothes were torn and there was grass in the hair on her head and in the pubic region.

The defendant did not testify or offer any evidence.

He says the evidence preponderates against the verdict and in favor of his innocence. In considering and passing on this assignment, this court is bound by the rule that a criminal case will not be reversed on the facts unless it is shown by the defendant the evidence preponderates against the verdict and in favor of his innocence. Schweizer v. State, 217 Tenn. 569, 399 S.W.2d 743; Bacon v. State, 215 Tenn. 268, 385 S.W.2d 107. The defendant has not done this, and the first assignment is overruled.

He says that the trial judge restricted his cross-examination of the victim about prior acts of illicit sexual intercourse. Want of chastity of the injured female is material in a prosecution for rape, and this proof may be made by her or other witnesses. Titus v. State, 66 Tenn. 132; Benstine v. State, 70 Tenn. 169, 31 Am.Rep. 593; Lee v. State, 132 Tenn. 655, 179 S.W. 145, L.R.A. 1916B, 963.

On cross-examination the court first sustained the State's objection to the question of her relations with one Willie Parrish. At a hearing out of the presence of the jury, the defendant's counsel explained the purpose of this testimony. The court then permitted the defendant to ask in the presence of the jury if she had had any relations with Parrish and also one Mack Franklin. She denied any improper conduct. The defendant also was permitted to inquire as to her drinking habits and whether or not she had charged others with rape or any offense. The defendant was not improperly limited in his cross-examination of the prosecuting witness.

■■ After the state had rested, the court permitted it to reopen the case to introduce photographs of the victim showing that her left eye was black or bruised. The admission or rejection of rebuttal testimony is discretionary with the trial judge. Nichols v. State, 200 Tenn. 65, 91, 289 S.W.2d 849; Essary v. State, 210 Tenn. 220, 357 S.W.2d 342. Although the defendant offered no proof, the trial judge did not abuse his discretion by reopening the case and his action will not be disturbed.

■ At a hearing out of the presence of the jury, the state conceded and stipulated that a statement made by the defendant did not comply with *Miranda* requirements and was inadmissible. In his ruling the trial judge said that the witness could testify what he did but not that he did it as a result of the conversation with the defendant; that if the prosecution asked about a statement he would sustain an objection to it. The defendant did not object to this ruling. On the jury's return, the state asked if the defendant made a statement, and the trial judge promptly sustained an objection to it. We do not think that the defendant was prejudiced by this procedure and, if there was error, it was harmless.

■ The only other assignment of error complains of the failure of the trial court to grant a new trial for newly discovered evidence. Affidavits attached to the motion for a new trial say that after the verdict the witness Echols said his testimony of the good reputation of the prosecuting witness was false; that he and others had had illicit sexual relations with her; that he had agreed to make affidavit to this effect but had gone to California to return to school. The trial judge did not

abuse his discretion in overruling this ground of the motion for a new trial. Applications of this kind are not looked on with favor. Ross v. State, 130 Tenn. 387, 170 S.W. 1026.

Further, the bill of exceptions does not show that it contains all the facts and evidence heard by the court on the motion for a new trial. See Eatherly v. State, 118 Tenn. 371, 101 S.W. 187; Odeneal v. State, 128 Tenn. 60, 157 S.W. 419; Ingolsby v. Burnett, 163 Tenn. 173, 40 S.W.2d 1013; Havron v. Page, 25 Tenn.App. 367, 157 S.W.2d 856.

The judgment of the lower court is affirmed.

OLIVER, J., concurs.

GALBREATH, J., dissents.

GALBREATH, Judge (dissenting).

I respectfully dissent.

The trial judge made a ruling, outside the presence of the jury, that the investigating officer could not be asked anything about a statement that had been given by the defendant. The final instruction given by the judge was: "It has already been stipulated that the statement can't come in, so all he can ask the man (the witness) is 'did he talk to him.' "

In other words, the court ruled that the officer could tell what he did, but not what the defendant said, or did not say.

In spite of this clear instruction, the attorney for the State asked the following questions:

"Q. And, did you interrogate the defendant in this case?

A. I did.

Q. John Guy, and when was that?

A. The 22nd.

Q. And, did he make a statement?

A. He did.

MR. COLTON OBJECTS: If your Honor please, at this time I am going to object to any statement.

THE COURT: Alright, Sir, we'll sustain the objection."

The plain message delivered to the jury from the above was: "Yes, the defendant made a statement but since his lawyer knows it would damage his case I am not allowed to tell you what he said."

This accomplishes indirectly the very thing the court had ruled could not be done. We recently held in a case now before the Supreme Court on certiorari (Walter Flanagan v. State, December, 1968) that "no more should be made of the refusal of a defendant to tell an investigating officer anything while in custody than of the refusal of the same defendant to take the witness chair and tell the jury anything." For the officer in this case to tell the jury that he obtained a statement but could not testify about it violates this principle even more than did the officer in *Flanagan* who merely testified the defendant refused to tell him anything.

For the above stated reason, I would reverse the judgment of the lower court.