JOHN E. GUY, Petitioner, v. STATE OF TENNES-
SEE, Respondent.—470 S.W.2d 28.

May 28, 1971.

Certiorari Denied by Supreme Court August 16, 1971.

Hugh W. Stanton, Jr., Memphis, for petitioner.

David M. Pack, Attorney General, Robert H. Roberts, Assistant Attorney General, Nashville, Tenn., Thomas F. Graves, Assistant District Attorney General, Memphis, for respondent.

WALKER, P.J. Without an evidentiary hearing the trial judge sustained a motion to dismiss this petition for postconviction relief. The petitioner appeals. We affirm.

■ The petitioner says that the state's motion to dismiss is in the nature of a speaking demurrer since it alleges facts not contained in the original petition. With this we agree. T.C.A. 40-3814 authorizes the district attorney general to file with a responsive pleading the records or transcripts material to the questions raised in the petition. His assistance in bringing together the files and records in the case may be very valuable to the trial judge in understanding the nature and merit of the contentions. The record on which the trial judge bases his conclusions will facilitate appellate review.

■ The trial judge should discuss or make a finding on all contentions raised by a petition. See T.C.A. 40-3818. When he dismisses without an evidentiary hearing, however, he has no evidence from which to find the facts. His order should show all grounds presented and his conclusions with regard to each of them. In this case the trial judge incorporated by reference the motion to strike. We have disposed of the contentions without a remand to avoid a useless further consideration of them.

■ The petition alleges that Guy was convicted of rape and sentenced to ten years in the penitentiary; after this conviction he remained free until March 1969, when he was arrested on the same charge and was held in jail about 34 days without seeing his lawyer and was then sent to the penitentiary. He contends his constitutional rights were violated because he was not taken before a judge to advise him why he was arrested.

The petitioner was sentenced by the trial court and this court affirmed his conviction on April 7, 1969. Guy v.

State, Tenn.Cr.App., 443 S.W.2d 520. He was charged with knowledge of the reason he was then sent to the penitentiary. No constitutional right was violated in ordering his sentence into execution.

He alleges that he was beaten by the police on his arrest in 1965. Guy v. State, *supra,* shows that the trial judge held his confession was inadmissible and did not permit its introduction. He was tried on a not guilty plea and there is no claim that this had anything to do with his conviction. This assignment is without merit.

Likewise without merit are his contentions that there was no material evidence to support the verdict and that he was not furnished a list of grand and petit purors.

A postconviction petition is not available to test the sufficiency of the evidence at the original trial. Floyd v. State, Tenn.Cr.App., 453 S.W.2d 418. This has already been considered on his appeal.

A trial court is warranted in dismissing a post-conviction petition without a hearing when the records and files show conclusively that the petitioner is entitled to no relief. Floyd v. State, *supra.*

The judgment is affirmed.

Oliver and Mitchell, JJ., concur.