## JAMES GLASGOW *v.* THE STATE.

1. CRIMINAL LAW. *Ministerial acts. When not invalid.* An indictment for a felony against a party, the filing of a plea of "not guilty" thereto, and the order of the judge to spread the indictment upon the minutes of the court, are mere ministerial acts, in no wise affecting the interest of the accused. Such proceedings are therefore not invalid because had while a judge was presiding, incompetent to sit upon the trial of the cause.

2. SAME. *Failure to spread indictment upon minutes does not invalidate the cause.* Nor does the omission to have spread the indictment upon the minutes of the court either enlarge or diminish the rights of the accused, since the object of such a proceeding is simply to provide against the consequences of the loss, abstraction or destruction of the orignal.

3. SAME. *Appointment of special judges. Authority for must be strictly pursued. Consequences of omission so to do.* In the appointment or selection of special judges in criminal cases, the law authorizing it must be strictly pursued. Neither does the Constitution nor any statute of the State provide for the appointment of a special judge, in' such a case, by the agreement of the parties. The verdict and judgment rendered, while a special judge so appointed was presiding, are therefore held void, the prisoner declared never to have been in jeopardy, and remanded for trial *de novo.*

---

FROM TROUSDALE.

---

Appeal from the Circuit Court at Hartsville. F. S. WILSON presiding.

No record can be found.

TURNEY, J., delivered the opinion of the court.

The prisoner was convicted of murder in the second degree, and has appealed to this court.

The objection that Hon. N. W. McConnell, Judge of the Fifth Judicial Circuit, and who had been employed to prosecute before his election, and before the finding of the indictment, was presiding when the indictment was found, and ordered it spread upon the minutes of the court, and was also presiding when the plea of not guilty was filed, is not well taken; these were mere ministerial acts in nowise affecting the interests of the prisoner or the merits of the case. The law directs, in plain and unequivocal terms, what should be done; that this was done, was recited by the clerk on the minutes of the court, verified by the signature of the Judge—a mere *formal* act, awarding no process, deciding no question.

The omission to have spread the indictment upon the minutes would in no way have enlarged or diminished the rights of the accused.

The policy of the government in requiring a spreading upon the minutes, is to provide against the consequences of the loss, abstraction or destruction of the original.

A more serious objection arises upon the following entry of record: "The regular judge, N. W. McConnell, being incompetent to try this cause, by reason of his being counsel in the cause, it was agreed by both the counsel for the State and the prisoner himself, that S. F. Wilson, a member of this bar, shall preside as special judge in the trial of this cause. Thereupon, N. W. McConnell retired from the bench and S. F. Wilson took the bench."

Was this proceeding regular and according to the laws of the State? We think not.

There is no provision of the Constitution nor act of the Legislature authorizing or directing the constitution of a court, or the the supply of a vacancy for incompetency or other cause, by the mode pursued in this case.

This was not an inferior court created by the Legislature, nor was it an election by the attorneys of the court, as allowed by ch. 78, sec. 1, of the act of 1870.

In the appointment or selection of special judges in criminal cases, the law authorizing it must be strictly pursued and observed. As already stated, there was no authority under the Constitution or by statute for the proceedings in this case.

The result is, the entire proceedings, verdict and judgment are nullities, leaving the case as if no trial whatever had been had. The prisoner was never in jeopardy, and is remanded for trial *de novo*.