John Bennett MAY, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee,
at Nashville.

April 3, 1979.

Robert C. Watson, Nashville, for appellant.

William M. Leech, Jr., Atty. Gen., William O. Kelly, Asst. Atty. Gen., Roger T. May, Asst. Dist. Atty. Gen., Nashville, for appellee.

OPINION

DAUGHTREY, Judge.

The petitioner-appellant, John Bennett May, is an inmate of the state penitentiary, where he is serving a two to ten year sentence for voluntary manslaughter. His sentence was set originally at ten years, but was modified by the Supreme Court on direct appeal of May's conviction.

In his current petition for post-conviction relief, May contends that the Supreme Court also ordered the manslaughter sentence to be served concurrently with a thirty year armed robbery sentence previously imposed in a separate case, and he insists that prison records should be changed to reflect this fact. May bases his contention on a typed notation on the procedendo order, which reads: "Expiration with Sentence now being served. Affirmed by Supreme Court." He argues that the sentences are thereby ordered to expire at the same time.

The petitioner's manslaughter sentence was originally ordered by the trial court to be served consecutively to the previously imposed robbery sentence. In its opinion

affirming the judgment as modified, the Supreme Court said:

It is, therefore, ordered by the Court that the plaintiff in error, for the offense of voluntary manslaughter, as charged in the indictment, be retained in the custody of the warden of the state penitentiary, and there confined at hard labor for a term of not more than ten years and not less than two years, *said sentence to run at the expiration of sentence plaintiff in error is presently serving in the state penitentiary* (emphasis added).

Based on the record, the trial judge dismissed the petition for post-conviction relief without appointing counsel, allowing amendments to the petition, or setting it for an evidentiary hearing. The petitioner contests this action, and he further complains of the trial judge's failure to comply with T.C.A. § 40–3803, which provides that the same judge who presided at trial shall not be assigned to hear and determine the related post-conviction matter, unless an issue is raised concerning the competency of trial counsel.

We hold that the trial court's order denying relief and dismissing the petition was proper in this case. The petition asserts a very narrow ground for relief, which could be and was resolved on the basis of court records. It does not appear that any amendments to the petition were necessary, under T.C.A. § 40–3815. Furthermore, the petition was in proper form and its content did not raise an issue calling for an evidentiary hearing. Given these circumstances, the trial court was under no obligation to appoint counsel. *Crumley v. Tollett*, 4 Tenn.Cr.App. 495, 474 S.W.2d 148 (1971); *Curelton v. Tollett*, 477 S.W.2d 233 (Tenn.Crim.App.1971). Tennessee law recognizes that where the petition conclusively shows that the petitioner is entitled to no relief, the petition may be properly dismissed without an evidentiary hearing. *Guy v. State*, 4 Tenn.Cr.App. 218, 470 S.W.2d 28 (1971). Such was clearly the case here.

Nor do we find reversible error in the trial court's failure to designate a different judge to rule on this matter. While it has been held that T.C.A. § 40–3803 is mandatory in nature, *Eunis Howell v. State of Tennessee*, Court of Criminal Appeals at Nashville, released April 4, 1978, this Court has also held that the statute "should not be construed . . . [to prevent] the presiding trial judge from ruling on petitions which raise no questions calling for a hearing." *Earnest Burchfield v. State of Tennessee*, Court of Criminal Appeals at Knoxville, released September 25, 1975. Fully recognizing the mandatory nature of the statute, we are nevertheless persuaded that any § 40–3803 error has been rendered harmless by the circumstances of this case, under the provisions of T.C.A. § 27–117. Certainly this would seem to be true where the only matter raised by petitioner concerns the orders of the appellate court and not the actions of the judge who presided at trial.

The assignments or error are therefore overruled, and the judgment of the trial court is affirmed.

O'BRIEN and BYERS, JJ., concur.