**STATE of Missouri, Plaintiff-Respondent,**

v.

**Connie Sue FRANKS (Rakestraw), Defendant-Appellant.**

**No. 14541.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 11, 1986.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 2, 1986.

Application to Transfer Denied Nov. 18, 1986.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Susan L. Hogan, Columbia, for defendant-appellant.

GREENE, Presiding Judge.

Connie Sue Franks (Rakestraw) was jury-convicted of the class C felony of stealing, § 570.030,[1] and sentenced by the trial court, after a finding that Franks was a prior offender because of conviction of a previous unrelated felony, to five years imprisonment.

In her sole point relied on in her appeal, Franks contends the evidence introduced at trial was insufficient to sustain the conviction. We affirm.

■ No claim was made by defense counsel at trial, or in an after-trial motion, concerning insufficiency of the evidence. The point relied on here was not preserved for appellate review. *State v. Harris,* 620 S.W.2d 349, 354 (Mo. banc 1981). Gratuitous plain error review of the record under

---

1. RSMo 1978, V.A.M.S., as amended.

Rule 29.12(b)[2] conclusively shows that Franks' claim of insufficient evidence has no merit.

 Viewed in the light most favorable to the state's case, the evidence and reasonable inferences derived therefrom showed that on June 19, 1985, Franks entered a Wal-Mart store in Webb City, Missouri, and told a sales clerk that she was interested in purchasing a video cassette recorder (VCR). After viewing several, Franks selected a Panasonic model priced at $359.86, and told the clerk she wanted to put it on layaway. The clerk placed the VCR in Franks' shopping cart and instructed her to go to the service desk which was located at the front of the store to put the VCR on layaway.

However, Franks did not go to the service desk, but left the store with the VCR without having paid for it. When apprehended, she told Wal-Mart employees two different stories. She first said she had paid the sales clerk in the electronics department for the VCR. This was denied by the clerk, and Franks had no sales receipt. She next said her husband had asked her to get the VCR out of layaway, and that she assumed that it was paid for, as her husband had mentioned nothing about money. The store had no record of either Franks or her husband having ever placed a VCR on layaway. After being placed under arrest, Franks gave the police a handwritten statement in which she said that her husband had put a VCR on layaway and she thought he had paid for it.

The jury chose, as they had the right to do, not to believe Franks' explanations as to why she left the store with the VCR without paying for it.

Essential elements of the offense of stealing are appropriation of property or services of another with the purpose to deprive the other thereof, accomplished either without the owner's consent or by means of coercion or deceit. § 570.030.1; *State v. Bradshaw*, 643 S.W.2d 834, 836 (Mo.App.1982). The crime is a class C felony if the value of the property or services appropriated is $150 or more. § 570.030.2(1).

For the purposes of the statute in question, a person appropriates property of another if he takes or steals it for his own use with no intent to repay or return it. *State v. Davis*, 675 S.W.2d 652, 657 (Mo.App. 1984).

Based upon the law of the case, the jury was justified in finding, from the evidence submitted, that Franks was guilty as charged. We find no error, plain or otherwise.

·Judgment affirmed.

CROW, C.J., and TITUS, J., concur.

2. Missouri Rules of Court, V.A.M.R.