**OVERBERG DECORATING CENTER, INC., Respondent,**

v.

**SELBAH PROPERTIES, et al., Appellants.**

**No. 53148.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 22, 1987.

Albert W. Dieffenbach, Hillsboro, Robert J. Wynne, St. Louis, for appellants.

Stephen Dwight Bouchard, Festus, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellants appeal from summary judgment in favor of respondent on respondent's petition to enforce mechanic's lien filed against real estate in Jefferson County. Defendant Selbah Properties, Inc., the developer, and appellant-defendants Douglas Draper, trustee for Hillsboro Title Company, Hillsboro Title Company, Inc., a beneficiary under a deed of trust, Michael

Nava, trustee for Boatmen's National Bank of Hampton, and Boatmen's National Bank of St. Louis, a beneficiary under a deed of trust, all have or had some interest in the real estate. Finding no issue of material fact before it, the trial court entered a judgment in favor of respondent as a matter of law. On appeal appellants argue that respondent's mechanic's lien is invalid because respondent failed to provide the owner with the required statutory notice pursuant to RSMo § 429.012.1 (1986). We affirm.

Respondent and appellants stipulated as to the relevant facts and both moved for summary judgment. After reviewing all pleadings, answers to interrogatories, requests for admissions and respondent's motion for summary judgment, and having no opposing affidavits before it, the trial court found no issue of fact existed and entered judgment in favor of respondent as a matter of law. Summary judgment was proper for there was no issue of fact before the trial court. *Hill v. McDonald's Corp.*, 709 S.W.2d 169, 170 (Mo.App., E.D.1986). We therefore review for error of law.

On January 23, 1985, respondent Overberg Decorators entered into a contract with defendant Selbah Properties for the delivery of certain labor and materials to a condominium development owned by Selbah properties. Respondent agreed to furnish building material and labor for the construction, installation and finishing of dry wall, painting, parquet flooring, carpeting, tiling, and labor and materials for the repair of water damage, in exchange for the payment of money by Selbah. Respondent fully performed under the contract. Selbah paid respondent all but $12,223 due under the contract. Selbah claimed only $11,643 was due respondent. Respondent reduced its claim to $11,643 for purposes of summary judgment on its petition to enforce the mechanic's lien.

■ As a condition precedent to the validity of a mechanic's lien, RSMo § 429.012 requires an original contractor to provide the owner with the following written notice with or prior to the first invoice:

## NOTICE TO OWNER

FAILURE OF THIS CONTRACTOR TO PAY THOSE PERSONS SUPPLYING MATERIAL OR SERVICES TO COMPLETE THIS CONTRACT CAN RESULT IN THE FILING OF A MECHANIC'S LIEN ON THE PROPERTY WHICH IS THE SUBJECT OF THIS CONTRACT PURSUANT TO CHAPTER 429, RSMo. TO AVOID THIS RESULT YOU MAY ASK THIS CONTRACTOR FOR "LIEN WAIVERS" FROM ALL PERSONS SUPPLYING MATERIAL OR SERVICES FOR THE WORK DESCRIBED IN THIS CONTRACT. FAILURE TO SECURE LIEN WAIVERS MAY RESULT IN YOUR PAYING FOR LABOR AND MATERIAL TWICE.

RSMo § 429.012 (1986). In the January 23, 1985 contract, provided by Selbah, the parties incorporated by reference a provision of a prior contract, also provided by Selbah, which set forth as follows:

> 15.4 Final payment shall not be due until the Contractor has delivered to the Owner a complete release of all liens arising out of this Contract or receipts in full covering all labor, materials and equipment for which a lien could be filed, or a bond satisfactory to the Owner indemnifying him against any lien. If any lien remains unsatisfied after all payments are made, the Contractor shall refund to the Owner all moneys the latter may be compelled to pay in discharging such lien, including all costs and reasonable attorney's fees.[1]

Respondent argues that paragraph 15.4 of the contract fulfills the notice requirement of § 429.012. Appellants assert that the contract language does not reasonably and substantially comply with the mandated statutory language. Rather, appellants suggest that the contract exhibits total noncompliance with the statute.

---

**1.** Respondent is the Contractor under the contract; Selbah is the Owner under the contract.

Initially we note the purpose behind § 429.012 as set forth by our supreme court in *BCI Corporation v. Charlebois Construction Co.*: "to warn inexperienced property owners of the danger to them which lurks in the mechanics' lien statute" and that they "might be forced to pay a second time to the unpaid lien claimants." *BCI Corp. v. Charlebois Const.Co.*, 673 S.W.2d 774, 779 (Mo. banc 1984). Section 429.012 requires notice that the owner may be forced to pay twice and that the owner may avoid double payment by obtaining waivers. RSMo § 429.012 (1986). Paragraph 15.4 of the parties' contract requires the contractor to provide, as a condition of payment, lien waivers, or receipts covering all labor and materials, or a bond indemnifying the owner against any lien. Paragraph 15.4 further requires the contractor to refund to the owner any money the owner is required to pay in discharging any remaining unsatisfied liens. Not only does paragraph 15.4 discuss the possibility of liens being filed and the possibility of the owner being required to pay liens, costs and attorneys fees, paragraph 15.4 *requires* the contractor to indemnify or reimburse the owner if the owner is compelled to pay any liens. Paragraph 15.4 goes further than § 429.012. Section 429.012 requires notice of the possibility of double payment and preventive steps that can be taken; paragraph 15.4 provides notice of the possibility of liens and provides protection therefrom as a condition of the contract. We believe respondent substantially complied with § 429.012 and went further by providing the owner with protection from hidden liens.

■ In further support of our conclusion we note that Selbah provided the contract; Selbah is a corporation involved in the development of real estate, implicitly knowledgeable regarding mechanics' liens; the legislature did not intend to protect defendants such as Selbah in enacting § 429.012. *See BCI Corp.*, 673 S.W.2d at 779. We limit our holding to the particular circumstances of this case.

■ In his second point on appeal, appellants challenge the trial court's award of prejudgment interest. Appellants argue that the contract provided for interest on payments due and unpaid would bear interest at zero percent. Generally, courts may award prejudgment interest at the statutory rate commencing on the date the damages were ascertainable. *Twin River Const. Co. v. Public Water Dist.*, 653 S.W.2d 682, 695 (Mo.App., E.D.1983). Final payment under the contract was due on October 17, 1985. Thus, respondent's damages, the debt owed by Selbah, were ascertainable on that date. Appellants argue that the contract provided for interest at zero on payments due and unpaid. We do not believe this provision contemplates interest on the final payment accumulating after the due date. The trial court did not err in awarding prejudgment interest.

Finding appellants' arguments to be without merit, we affirm the trial court's judgment.

REINHARD and CRIST, JJ., concur.