## Connie Sue (Rakestraw) FRANKS, Movant–Appellant,

### v.

## STATE of Missouri, Respondent.

### No. 15879.

Missouri Court of Appeals,
Southern District,
Division One.

March 15, 1989.

Jacob R. Skouby, Asst. Public Defender, Joplin, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, Chief Judge.

Connie Sue (Rakestraw) Franks was convicted after a jury trial of stealing, § 570.030,[1] and was sentenced as a prior offender to five years' imprisonment. This court affirmed the conviction on appeal. *State v. Franks,* 718 S.W.2d 606 (Mo.App. 1986). Thereafter, movant filed a motion for relief under former Rule 27.26.[2] Fol-

---

1. Unless otherwise indicated, all references to statutes are to RSMo 1986.

2. Missouri Rules of Court (18th ed. 1987). Because the Rule 27.26 motion was pending prior to January 1, 1988, "post-conviction relief shall

lowing an evidentiary hearing, the trial court denied relief and filed extensive findings of fact and conclusions of law. Movant appeals that judgment.

Movant, after being apprehended in a Wal–Mart store parking lot with a videocassette recorder (VCR) stolen from the store, gave Wal–Mart employees at least two versions of how she came into possession of the VCR. One variation of her story was reiterated to police in a written statement. In it movant claimed that her husband placed the VCR on layaway and sent her to pick it up, which she did, assuming he had paid for it. There was testimony by employees on duty in the store that movant did not exit through a checkout lane where she would have purchased the VCR; neither did she check the VCR out through the service desk which handles layaway items. In fact, movant told the employee who placed the VCR in her shopping cart that she intended to purchase the VCR on the store's layaway plan. In response, the employee gave her instructions to take the VCR to the service desk. She exited the store without doing so. Furthermore, the Wal–Mart store had no layaway record in movant's or her husband's name.

Movant raises two points on appeal. First, she claims that her trial attorney (hereinafter "defense counsel") was ineffective by allowing witnesses to testify that neither movant's nor her husband's name were in the Webb City Wal–Mart layaway records. Second, movant claims that defense counsel was ineffective for failing to object to a late endorsement of witnesses by the state.

Both of movant's points claim that defense counsel was ineffective, and, in order to prevail on an ineffectiveness of counsel charge, movant must show that defense counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would provide, and that she was prejudiced due to the deficient performance. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.

2d 674, 693 (1984); *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987).

In her first point, movant claims defense counsel was ineffective by allowing the admission of "unfounded testimony" of Wal–Mart employees relating to layaway records. Her brief fails to suggest why the testimony was inadmissible. From the transcript, it is unclear whether two of the employees testified from their personal observation of the records or from an examination performed by the Wal–Mart store manager who did not testify at the trial. An assistant manager, who did testify, made a search of the layaway records and found no entry in the name of Rakestraw. Even if we assume that the testimony of the employees regarding the records was hearsay as to what the manager found, counsel is not to be judged ineffective for failing to object.

"The mere failure to object to objectionable evidence does not establish that counsel rendered ineffective assistance [unless] it was of such character as to result in a substantial deprivation of the accused's right to a fair trial." *Tygart v. State,* 741 S.W.2d 830, 832 (Mo.App.1987) (citations omitted). The failure to object to hearsay testimony which is merely cumulative of other direct evidence does not result in a substantial deprivation of a right to a fair trial. *Clark v. State,* 578 S.W.2d 60, 61 (Mo.App.1978). The decision to object is a matter of judgment on the part of trial counsel. *Coleman v. State,* 621 S.W.2d 357, 360 (Mo.App.1981). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland v. Washington,* 466 U.S. at 690, 104 S.Ct. at 2066, 80 L.Ed.2d at 695.

The evidence was overwhelming that movant did not obtain the VCR through a layaway purchase. The absence of records regarding a layaway was at most cumulative evidence of the direct testimony of employees on duty in the store that the VCR was not paid for or purchased

continue to be governed by the provisions of Rule 27.26 in effect on the date the motion was filed." Rule 29.15(m), Missouri Rules of Court

(20th ed. 1989). Unless otherwise noted, all future rule references will be to Missouri Rules of Court (18th ed. 1987).

through layaway. The hearsay evidence was of small significance in the overall picture. Movant failed to demonstrate that the admission of the evidence regarding the search of the records deprived her of a fair trial. Thus, she has failed to establish the prejudice required by *Strickland.*

In addition, movant has not established that defense counsel's failure to object was the result of a lack of skill and diligence. Defense counsel may have chosen not to object to the testimony regarding the search of the layaway records because the prosecuting attorney was confused as to whether movant's married name was Rakestraw or Franks. Leaving an implication that someone other than persons testifying had searched the records, coupled with the prosecutor's confusion regarding movant's name, permitted defense counsel to capitalize by arguing to the jury his theory that the record search was incomplete. Counsel's failure to object to such insubstantial evidence is within the range of reasonable tactical choices which will not be second-guessed in post-conviction proceedings. The first point is denied.

Movant's second point is that defense counsel was ineffective in failing to object to the state's late endorsement of witnesses. The witnesses' names were endorsed on September 25 and 26, 1985, one and two days before the trial. Defense counsel explained he did not object because the persons named were just additional employees of the Wal-Mart store and the arresting police officers. He indicated that he knew these witnesses were going to be endorsed prior to trial.

Our courts have long held that late witness endorsements are within the trial court's discretion. Among the factors to be considered are "whether defendant waived the objection; whether the state intended surprise or acted deceptively or in bad faith, with intention to disadvantage defendant; whether in fact defendant was surprised and suffered any disadvantage, and whether the type of testimony given might readily have been contemplated." (Citations omitted). *State v. Stokes,* 638 S.W.2d 715, 719 (Mo. banc 1982), *cert. de-*

*nied,* 460 U.S. 1017, 103 S.Ct. 1263, 75 L.Ed.2d 488 (1983). *See also State v. Allen,* 710 S.W.2d 912, 915 (Mo.App.1986). Nothing in the record suggests any factors existed at the time of the late endorsements entitling movant to relief. In fact, on cross-examination movant conceded that the testimony at trial did not differ from what she thought it would be. Therefore, it is reasonable to conclude that any objection to the late endorsement would have been denied. Defense counsel is not ineffective for failure to seek relief to which movant was not entitled. *Forshee v. State,* 763 S.W.2d 352, 356 (Mo.App.1988). Furthermore, we agree with the motion court that counsel's failure to object to the late endorsement of these three witnesses was a matter of trial strategy. Movant's second point is denied.

The judgment is affirmed.

CROW, P.J., and GREENE, J., concur.