Wallace E. **STEADMAN**, Appellant,

v.

**STATE of Tennessee**, Appellee.

Court of Criminal Appeals of Tennessee, at Knoxville.

Dec. 4, 1990.

Permission to Appeal Denied by Supreme Court March 18, 1991.

Wallace E. Steadman, appellant pro se.

Charles W. Burson, Atty. Gen., Bettye Springfield–Carter, Asst. Atty. Gen., Nashville, Carl K. Kirkpatrick Dist. Atty. Gen., and R. Jerry Beck, Asst. Dist. Atty. Gen., Blountville, for appellee.

## OPINION

TIPTON, Judge.

The petitioner, Wallace E. Steadman, appeals from the summary dismissal of his *pro se* petition for post-conviction relief by the Criminal Court for Sullivan County. The petitioner asserts error as follows:

(1) That counsel should have been appointed to draft his petition properly;

(2) that the trial judge abused his discretion in applying the three-year statute of limitations since his habitual criminal status was not final until 1987; and

(3) that the trial judge was without authority under T.C.A. § 40–30–103(b) to dismiss the petition since the judge presided at the trial in which the conviction occurred.

In response, the state asserts that the petition is barred by the statute of limitations and that, therefore, the petitioner was neither entitled to the designation of another judge nor prejudiced by the lack of such a designation. This Court finds merit to the petitioner's first and third claims.

On February 2, 1990, the petitioner filed a petition seeking to void his status as an habitual criminal (imposed in a 1985 larceny case tried by the same judge) and asserting that four prior guilty plea convictions failed to meet the requirements of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), *State v. Mackey*, 553 S.W.2d 337 (Tenn.1977) and *Rounsaville v. Evatt*, 733 S.W.2d 506 (Tenn. 1987). He, likewise, moved for the appointment of counsel as an indigent and sought the transcripts for his guilty pleas which

occurred in 1962, 1968 and 1979. This Court affirmed the habitual criminal sentence on direct appeal in *State v. Wallace Eugene Steadman*, No. 714, Sullivan Co. 1987 WL 5545 (Tenn.Crim.App., Knoxville, Jan. 23, 1987) and he was denied permission to appeal to the Tennessee Supreme Court on April 13, 1987.

The State filed a motion to dismiss on February 14, 1990, claiming that the petition was barred by the three-year limitation period provided in T.C.A. § 40–30–102 and that, under *State v. McClintock*, 732 S.W.2d 268 (Tenn.1987), since he could not attack his underlying convictions, he could not attack the habitual criminal sentence under the allegations made. On February 15, 1990, the trial judge dismissed the petition without appointing counsel or providing for an evidentiary hearing. He held that *Boykin* was not to be applied retroactively to the 1962 and 1968 convictions and that the statute of limitations barred the petition as to all the guilty plea convictions.

■ Where a competently drafted petition conclusively shows that a petitioner is entitled to no relief, it may be dismissed without the appointment of counsel and without an evidentiary hearing. *Swanson v. State*, 749 S.W.2d 731 (Tenn.1988); *Givens v. State*, 702 S.W.2d 578 (Tenn.Crim. App.1985). Inartful drafting of *pro se* petitions, though, may lead to a misapprehension by the state or the courts as to the gist of a petitioner's claims. Here, the petition asserts the following:

> That he is restrained by virtue of an indictment/judgment returned/imposed against the Petitioner by the Sullivan County Grand Jury/criminal Court in the March, 1983 term for the offense(s) of: Grand Larceny—Habitual Criminal and Guilty Plea in Case no. 2285, 2286 and in Case no. 3041K and in Case no. 12,-763BL.

The remainder of the petition is primarily concerned with the guilty plea convictions and their ultimate use in the habitual criminal trial, with a final conclusory allegation that the "restraint complained of" is void because of the denial of fundamental constitutional rights. As the petitioner's brief points out, he made no claim of ineffective counsel.

■ If the petition is treated as an attack on the 1962, 1968 and 1979 guilty plea convictions (as was done by the trial judge), it would appear that such attack is subject to T.C.A. § 40–30–102 which, under *Abston v. State*, 749 S.W.2d 487 (Tenn.Crim.App. 1988), would have allowed the petitioner until July 1, 1989, to file his petition. On the other hand, the petition appears to raise a "colorable claim" on its face. *Swanson v. State, supra.* Upon the state filing a motion to dismiss in such a case, a petitioner should be allowed a chance to respond, with the assistance of counsel, to put before the court any allegation of fact or law which might operate to refute the state's position. Here, the trial judge failed to provide the petitioner such an opportunity to respond. In effect, the trial judge dismissed the petition without the benefit of the pleadings and record protections contemplated by T.C.A. § 40–30–109(a)(1), which allows for a summary dismissal.

■ Of greater consequence, though, is the fact that the petition essentially alleges an illegal restraint by the habitual criminal sentence, a claim which would be timely under T.C.A. § 40–30–102. As an attack on the 1985 habitual criminal sentence, but primarily through complaints about the prior convictions, the case is subject to the constraints of *State v. Prince*, 781 S.W.2d 846 (Tenn.1989).[1] However, regardless of the application of *Prince*, the trial judge should not have dismissed the petition because of the prohibition against the original trial judge determining a post-conviction petition which does not allege

---

1. *Prince*, decided less than two months before this petition was filed, delineates the appropriate *procedures* for attacking prior convictions used to enhance a present sentence if the prior convictions are *facially* valid. *See Smith v. State*, 757 S.W.2d 683, 685 (Tenn.Crim.App. 1988). Looking to the spirit of T.C.A. § 40–30–115, a petitioner should be given a "reasonable opportunity, with the aid of counsel, to file amendments" to correct such a procedural defect.

incompetency of counsel. T.C.A. § 40–30–103(b)(2) (Supp.1988).

The Post–Conviction Procedure Act, as originally enacted, required the petition to be filed with the clerk of the convicting court, but it had no provision limiting the original trial judge's authority to preside. 1967 Tenn.Pub.Acts, ch. 310, § 2. In 1969, the legislature amended the law by requiring the Chief Justice of the Tennessee Supreme Court to designate a judge "to hear and determine such petition, *except the Judge who presided at the criminal trial in which the conviction occurred.*" 1969 Tenn.Pub.Acts, ch. 242, § 1 (emphasis added). This amendment has been viewed, and reasonably so, as a legislative attempt to "ensure that the post-conviction petition would be heard before an impartial judge." Anderson, *Post–Conviction Relief in Tennessee—Fourteen Years of Judicial Administration under the Post–Conviction Procedure Act*, 48 Tenn.L.Rev. 605, 616, n. 42 (1981). Likewise, its application appeared mandatory.[2]

Mr. Anderson's article notes that the legislature then deleted the original judge prohibition in 1971 in response to complaints that cases were not being heard by the original trial judge. 48 Tenn.L.Rev. at 622. However, in 1972, the legislature specifically restored the prohibition, but with an exception relating to competency of counsel issues:

> The chief justice of the Tennessee Supreme Court shall designate and assign any chancellor, judge of the criminal court, or circuit court judge to hear and determine such petition, except the judge who presided at the criminal trial in which the conviction occurred, provided however, the original trial judge, where

available, shall be designated where an issue is raised as to the competency of counsel representing the petitioner in the original proceeding.

1972 Tenn.Pub.Acts, ch. 792, § 1; T.C.A. § 40–30–103(b) (1982).

■ In *May v. State*, 589 S.W.2d 933 (Tenn.Crim.App.1979), this Court construed the 1972 amendment in the context of whether or not it constituted a mandatory prohibition regardless of the lack of actual prejudice. In that case, the petitioner attacked a consecutive sentence imposed for a manslaughter conviction, claiming that the Supreme Court's procedendo order, in affirming the conviction on direct appeal, stated "Expiration with Sentence now being served." The original judge summarily dismissed the petition. Upon review, this Court noted that various unreported opinions were in conflict as to the mandatory nature of the law, but it affirmed the trial court's action, addressing the statutory prohibition as follows:

> Fully recognizing the mandatory nature of the statute, we are nevertheless persuaded that any § 40–3803 error has been rendered harmless by the circumstances of this case, under the provisions of T.C.A. § 27–117. Certainly this would seem to be true where the only matter raised by petitioner concerns the orders of the appellate court and not the actions of the judge who presided at trial.

589 S.W.2d at 934. T.C.A. § 27–1–117 (1980) (previously T.C.A. § 27–117) was the "harmless error" statute which prohibited setting aside a judgment unless "it shall affirmatively appear that the error complained of has affected the results of the trial."[3] However, the use of this statute to resolve cases which involve the issue of

---

**2.** In *Billy Ray Burnette v. State*, No. 93, Knox Co. (Tenn.Crim.App., Knoxville, Sept. 23, 1970), this Court affirmed the summary dismissal of a petition by the original judge, noting that it required no evidentiary hearing, raising only questions of law, and that the original judge's acting on the case was harmless error. However, the Supreme Court, per curiam, remanded the case to the trial court for rehearing before a competent judge since the original judge "was, by statute, denuded of all authority to hear and determine such petition at the time such hear-

ing occurred." *Burnette, supra,* (Sup.Ct. order entered at Knoxville, May 24, 1971).

**3.** Actually, it appears that T.C.A. § 27–1–116 (1980) (previously T.C.A. § 27–116) would have been more applicable to the trial court's summary action in *May*. Such statute reads as follows:

> No judgment, decision, or decree of the inferior court shall be reversed in the appellate courts, unless for errors which affect the merits of the judgment, decision, or decree complained of.

the competency[4] of a judge to preside over the case has been rejected by the Tennessee Supreme Court.

In *Leighton v. Henderson,* 220 Tenn. 91, 414 S.W.2d 419 (1967), the Supreme Court reversed a grant of habeas corpus relief and held that the trial judge was incompetent to try the case because of his lack of impartiality (the judge had said that regardless of the proof, he was going to grant the petition). In remanding the case for retrial, the Court, quoting substantially from *In re Cameron,* 126 Tenn. 614, 151 S.W. 64 (1912), specifically refused to review the case under the harmless error statute, T.C.A. § 27–117, explaining that an initial hearing by a competent judge is a fundamental requisite to due process and a fundamental prerequisite to legitimate appellate review. 414 S.W.2d at 422.

Since *May v. State, supra,* was decided, several changes in the law have occurred which bear on the present case. In 1988, the legislature again amended T.C.A. § 40–30–103(b). Subdivision (1) entails the procedures involved when competency of counsel is an issue. Subdivision (2) states as follows:

> If such petition does not raise the issue of competency of counsel at the original trial or appellate proceeding, the chief justice shall designate and assign an appropriate judge to hear and determine such petition. Unless the provisions of subdivision (1) are applicable, *the designated judge shall not be the same judge who presided at the trial in which the conviction occurred.* (emphasis added).

Thus, the legislature has clearly stated that the original judge is not competent to hear and determine this type of post-conviction case and its use of the word "shall" in the statute, as in "shall not," made the original judge prohibition mandatory. *See e.g., State v. Gilley,* 517 S.W.2d 7, 9 (Tenn.

1974); *State v. Helton,* 507 S.W.2d 117, 120 (Tenn.1974); *Rounds v. State,* 171 Tenn. 511, 106 S.W.2d 212 (1937).

Such a statutory prohibition's purpose is "to guard against prejudgment of the controversy." *In re Cameron, supra,* 151 S.W. at 76. Also, it should apply even though, as in this case, there is no evidence of partiality by the trial judge.[5]

> It is only when the people are satisfied that impartial judges decide their controversies that they entertain feelings of reverence for the judgments of the courts of the land.... But it is of immense importance, not only that justice shall be administered to men, but that they shall have no sound reason for supposing that it is not administered. It is of lasting importance that the body of the public should have confidence in the fairness and uprightness of the judges created to serve as dispensers of justice. The continuance of this belief ... is largely essential to the future existence of our institutions in their integrity.

*In re Cameron, supra,* 151 S.W. at 76. In essence, the presence of a statutory or constitutional provision that a judge is incompetent in a given proceeding is a declaration that, as a matter of policy, the appearance of fairness in the justice system is as important as actual fairness to our society. Such a policy is deeply rooted in our jurisprudence as noted by an early Supreme Court of this state in construing the constitutional prohibition:

> This provision is certainly broad enough to fortify the integrity of the courts against suspicion; for the mere blemish of suspicion, is, to the judicial ermine, a blot of defilement.... And it is a familiar remark of Sir William Blackstone that the administration of justice should not only be chaste but unsuspected.

---

4. Competency, or lack thereof, is viewed here in terms of a judge being legally unable to preside over a case by virtue of statutory policy, e.g., T.C.A. § 17–2–101, constitutional bar, e.g., art. 6, § 11, Const. of Tenn. (Incompetency of judges— Special judges), factual lack of impartiality, e.g., *In re Cameron,* 126 Tenn. 614, 151 S.W. 64, 76 (1912), or like disability.

5. In fact, since it appears that the trial judge, in his ruling, viewed the petition as an attack solely on the prior guilty plea convictions, he would have been completely within his authority to hear and determine such an attack for the convictions in which he was not the presiding judge.

*Harrison v. Wisdom,* 54 Tenn. 99, 110 (1872).

Further, T.C.A. §§ 27–1–116 and –117 were repealed in 1981. 1981 Tenn.Pub. Acts, ch. 449, § 1(8). In their stead, appellate disposition of cases such as this one is controlled by T.R.A.P. 36. In such regard, T.R.A.P. 36(b) states:

> Effect of Error.—A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment *or would result in prejudice to the judicial process.* (emphasis added).

The Advisory Commission Comments note that this rule differs from the repealed statutes by requiring "reversal when affirmance would be prejudicial to the judicial process" regardless of the error's effect on the outcome of the case, citing a biased forum as an example. Therefore, the harmless error rule now incorporates a provision which is in agreement with the reasoning in *Leighton* and *Cameron.*

■ There is no question that the parties may consent to or waive objection to an incompetent judge's acting on a case. *Woodson v. State,* 608 S.W.2d 591 (Tenn. Crim.App.1980). However, in the instant case, the trial judge dismissed the petition the day after the state filed its motion to dismiss. There is no indication that the petitioner consented to such action and no indication that he had any opportunity to object from which this Court could find waiver.

■ Likewise, it has been held that mere ministerial acts by an incompetent judge, which do not affect the merits of the case, do not invalidate the proceedings. *See Glasgow v. State,* 68 Tenn. 485 (1876). Here, the trial judge ruled on the merits, albeit on the pleadings without an evidentiary hearing. Since determination of the merits of a post-conviction petition may occur without the benefit of an evidentiary hearing, *see Swanson v. State, supra,* 749 S.W.2d at 736, a hearing, as contemplated by the Post–Conviction Procedure Act, may be had on the pleadings without the receiving of evidence. *See State v. Clark,* 774 S.W.2d 634, 637 (Tenn.Crim.App.1989) (noting that an appellate hearing and determination under T.C.A. § 40–30–103(b)(1) can occur on briefs without oral argument). Thus, the actions of the trial judge were more than ministerial in nature. Consideration of whether or not a petitioner is entitled to a judge other than the original trial judge should not hinge upon his being entitled to an evidentiary hearing.

We, therefore, hold that, absent consent or waiver by the parties, T.C.A. § 40–30–103(b)(2) renders the judge who presided at the convicting trial incompetent to hear and determine a post-conviction petition which attacks that conviction or resulting sentence, but does not raise the issue of competency of counsel. Further, such disqualification bars the original trial judge from taking any judicial action which may dispose of the petition or otherwise affects its merits, even if no evidentiary hearing is required.

In the instant case, the original trial judge was not competent to determine the validity of the petition nor to enter an order dismissing the petition. Without reviewing the relative merits of the petition, this Court reverses the dismissal of the petition to prevent prejudice to the judicial process. The case is remanded to the Criminal Court for Sullivan County for further action consistent with this opinion. In this regard, counsel should be appointed to assist the petitioner in obtaining a full and fair determination of the petitioner's post-conviction rights upon appropriately drafted pleadings. If, with counsel's aid, the petition continues an attack on the habitual criminal sentence without raising the issue of competency of counsel, then the judge designation procedure in T.C.A. § 40–30–103(b)(2) must be followed in order to have the petition heard and determined.

BIRCH and WADE, JJ., concur.