**GAUZY EXCAVATING AND GRADING COMPANY, Respondent,**

v.

**KERSTEN HOMES, INC., et al., Appellants.**

**No. 78855.**

Supreme Court of Missouri, En Banc.

Nov. 19, 1996.

Rehearing Denied Dec. 17, 1996.

R. Henry Branom, Jr., Roger W. Pecha, Clayton, for appellants.

Charles T. Rouse, Salem, for respondent.

LIMBAUGH, Judge.

Plaintiff Gauzy Excavating and Grading Company ("Gauzy") sued Kersten Homes, Inc., Christopher Kersten, and others to enforce a mechanic's lien on Lots 2, 3, 4, and 5 of Kersten Place Subdivision in Hazelwood, Missouri. The trial court found that a valid mechanic's lien existed and entered judgment in favor of Gauzy. On appeal, defendants assert, *inter alia,* that the trial court erred in entering judgment on the mechanic's lien because Gauzy had not given the notice required under § 429.012.1, RSMo 1986. A panel of the Court of Appeals, Eastern District, affirmed by a 2–1 vote, and thereafter,

this Court granted transfer. We now reverse the judgment of the trial court.

■ In a court-tried case, such as this, we will sustain the judgment of the trial court "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

In early 1990, Christopher Kersten and Gauzy entered into an oral agreement under which Gauzy was to dig basements and trenches for sewer lines for a subdivision owned and being developed by Kersten. It is uncontested that Gauzy fulfilled all of its duties under the agreement and that Kersten was satisfied with Gauzy's work. When Gauzy began working for Kersten, a separate escrow agreement was already in place between the property owner—Kersten, the lender—Mark Twain bank, and the title insurer—Title Insurance Company of Minnesota d/b/a Missouri Title, that set forth the procedures for the submission and payment of contractors' bills. Missouri Title selected a company called EMI to service the agreement and to make the actual payments to contractors.

During the project, Gauzy submitted bills and lien waivers to Kersten every two weeks. From the record, it appears Kersten made two payments, through EMI, on the amount he owed Gauzy, but failed to make any additional payments. When payment was not forthcoming, Gauzy contacted EMI regarding the money owed, but still no payment was made. Gauzy then filed a mechanic's lien against Lots 2, 3, 4, and 5 of Kersten Place Subdivision on February 15, 1991. Suit to enforce the lien was filed August 13, 1991. The trial court entered a consent judgment against Kersten and imposed a mechanic's lien on the properties, which by then had been purchased from Kersten by various homeowners who were named as co-defendants. Those purchasers, and their title insurance companies, are the only appellants on transfer to this Court.

■ Appellants contend that Gauzy's mechanic's lien is invalid because Gauzy failed to give the notice·required by § 429.012.1., which states:

Every original contractor, who shall do or perform any work or labor upon, or furnish any material, fixtures, engine, boiler or machinery for any building, erection or improvements upon land, or for repairing the same, under or by virtue of any contract, shall provide to the person with whom the contract is made prior to receiving payment in any form of any kind from such person, (a) either at the time of the execution of the contract, (b) when the materials are delivered, (c) when the work is commenced, or (d) delivered with first invoice, a written notice which shall include the following disclosure language in ten point bold type:

NOTICE TO OWNER
FAILURE OF THIS CONTRACTOR TO PAY THOSE PERSONS SUPPLYING MATERIAL OR SERVICES TO COMPLETE THIS CONTRACT CAN RESULT IN THE FILING OF A MECHANIC'S LIEN ON THE PROPERTY WHICH IS THE SUBJECT OF THIS CONTRACT PURSUANT TO CHAPTER 429, RSMo. TO AVOID THIS RESULT YOU MAY ASK THIS CONTRACTOR FOR "LIEN WAIVERS" FROM ALL PERSONS SUPPLYING MATERIAL OR SERVICES FOR THE WORK DESCRIBED IN THIS CONTRACT. FAILURE TO SECURE LIEN WAIVERS MAY RESULT IN YOUR PAYING FOR LABOR AND MATERIAL TWICE.

Subsection 2 then states:

Compliance with subsection 1 of this section shall be a condition precedent to the creation, existence or validity of any mechanic's lien in favor of such original contractor.

By its unambiguous terms, these sections require all original contractors to provide a specific notice to the person with whom the contract for work is made before suit can be brought. The notice is designed "to warn inexperienced property owners of the danger to them which lurks in the mechanics' lien statute." *BCI Corporation v. Charlebois Construction Co.*, 673 S.W.2d 774, 779 (Mo.

banc 1984). Our courts have demanded strict compliance with the notice provision and have been reluctant to allow exceptions other than those provided by the statute itself. *Landmark Systems v. Delmar Redevelopment Corp.,* 900 S.W.2d 258, 261 (Mo. App.1995); *White River Development Co. v. Meco Systems,* 806 S.W.2d 735, 738 (Mo.App. 1991).

■ At trial, Gauzy's counsel conceded he could not prove the notice had been given, and accordingly, the trial court entered a finding that no notice was given. Nevertheless, the court imposed the mechanic's lien because Gauzy "substantially complied" with the notice requirement.

Gauzy, relying on *Overberg Decorating Center, Inc. v. Selbah Properties,* 741 S.W.2d 879 (Mo.App.1987), argues that it was not required to give the statutory notice of § 429.012.1 because the escrow agreement between the parties involved in the development of Kersten Place Subdivision afforded Kersten even greater protection than that provided by the statutory notice. *Overberg* involved a written contract under which a contractor provided labor and materials in exchange for payment by the property owner. *Id.* at 880. The contractor fully performed under the contract, but a dispute arose as to the amount of money owed to the contractor by the owner. *Id.* Thereafter the contractor filed a mechanic's lien despite the fact that it had not given the owner statutory notice. The contractor then sued to enforce its mechanic's lien and was granted summary judgment by the trial court, which the Court of Appeals affirmed. The Court of Appeals, noting the contractor's failure to give the statutory notice, limited the holding to the facts of the case. *Id.* at 881.

The written agreement in *Overberg* required the contractor to provide as a condition precedent to the owner's obligation to make payment under the contract either 1) lien waivers, or 2) receipts covering all labor and materials, or 3) a bond indemnifying the owner against any lien. *Id.* In addition, the contractor was required to indemnify the owner for any liens the owner was compelled to pay. *Id.* To arrive at its holding, the Court of Appeals compared the requirements of § 429.012 with the requirements of the

*Overberg* agreement. The statute provides, as the court stated, for notice that the owner may face double payment and for an explanation that double payment may be avoided by obtaining lien waivers. The court observed that the written agreement, on the other hand, went further than the statutory notice by providing not only notice of the risk of double payment, but also protection from the risk. In conclusion, the court determined that the presence of the agreement amounted to substantial compliance with the notice requirement.

■ Without passing on the general propriety of the substantial compliance exception announced in *Overberg,* we distinguish the two cases on their facts. *Overberg* contained a written contract between the contractor and the owner in which the owner's protection from mechanic's liens was carefully and clearly provided in language the Court of Appeals deemed substantially equivalent to the statutory notice. In contrast, Gauzy and Kersten had merely an oral agreement under which Gauzy would perform excavation work for a certain fee, and moreover, no evidence was introduced that the oral agreement set out the notice requirement in terms substantially equivalent to those used in the statute. Even under *Overberg,* the original contractor must provide 1) notice in writing and 2) notice that comports with the words used in the statute. Gauzy failed to satisfy these conditions.

As stated, the Court of Appeals emphasized that its holding in *Overberg* should be limited to its facts. *Overberg* does not stand for the proposition that the statute is satisfied if someone other than the original contractor provides the notice or if the owner has knowledge of the mechanic's lien law from an independent source. Nor does it hold that a contractor's furnishing of lien waivers from those who provided labor or materials is intrinsically sufficient evidence that the contractor substantially complied with the notice statute. We decline to extend *Overberg* in these situations. To do so would run contrary to the longstanding precedent requiring strict compliance with the statute. *See Landmark Systems,* 900 S.W.2d at 261; *White River Development Co.,* 806 S.W.2d at 738. That precedent is based in part on a concern that recognition

of exceptions to the statute that excuse knowledgeable developers and others who are sophisticated in the areas of real estate and construction will likely result in a plethora of case-by-case determinations. The bright-line rule mandated by the statute gives the best guidance to owners and contractors alike.

In a fallback position, Gauzy contends that the case comes within § 429.012.4, one of the statutory exceptions to the notice requirement. That subsection provides that the notice requirement does not apply to "new residences for which the buyer has been furnished mechanic's and supplier's lien protection through a title insurance company...." By its express terms, however, subsection 4 applies only when the *buyer* has been provided with title insurance. Here, Kersten, the party entitled to notice, was the owner and developer, not the buyer. The parties that bought the properties entered the picture only after all relevant events had occurred. Gauzy worked for Kersten from July through September 1990, and in February 1991, Gauzy filed a mechanic's lien against the lots on which the work was performed. The earliest time that any "buyer" became involved was March 1991, when Kersten sold the first of the already encumbered lots.

Because Gauzy filed its mechanic's lien before any "buyers" existed, the question whether Gauzy complied with the notice requirement of § 429.012.1 had already arisen. The emergence of buyers with title insurance after the filing of the lien does not extinguish Gauzy's obligation to have provided notice to the original owner or developer. As subsection 2 states, "[c]ompliance with subsection 1 ... shall be a condition precedent to the creation, existence or validity of any mechanic's lien...." Gauzy did not comply with subsection 1, and therefore the mechanic's lien filed in February 1991 was invalid.

The judgment of the trial court is reversed.

All concur.