IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs April 10, 2007

STATE OF TENNESSEE v. FREDDIE McCULLOUGH

Appeal from the Criminal Court for Shelby County
No. 05-01365    John P. Colton, Jr., Judge

_____

No. W2006-01407-CCA-R3-CD  - Filed August 20, 2007

_____

The Appellant, Freddie McCullough, appeals the Shelby County Criminal Court's denial of his request for non-incarcerative alternative sentences. McCullough pled guilty to one count of statutory rape and one count of sexual battery, both Class E felonies, and, under the terms of the plea agreement, received one-year sentences for each conviction with the trial court determining the manner of service of the sentences. The agreement also allowed McCullough to seek judicial diversion. After a sentencing hearing, the trial court denied judicial diversion and ordered McCullough to serve concurrent terms of sixty days in the workhouse on each one-year sentence, followed by one year of probation. On appeal, McCullough argues that the trial court erred by denying judicial diversion or, in the alternative, total probation. After review, the judgment of the trial court is affirmed.

Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ALAN E. GLENN, J., joined.

C. Anne Tipton, Memphis, Tennessee, for the Appellant, Freddie McCullough.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; William L. Gibbons, District Attorney General; and Muriel Conner, Assistant District Attorney General, for the Appellee, State of Tennessee.

OPINION

Factual Background

On March 1, 2005, a Shelby County grand jury returned a two-count indictment charging the Appellant with statutory rape and sexual battery, which were alleged to have occurred between July 15, 2003, and September 17, 2003. On March 13, 2006, the Appellant, pursuant to the terms of a

plea agreement, entered a "best interest" guilty plea to both charges. The underlying facts, as recited at the guilty plea hearing and accepted by the trial court, are as follows:

> [The Appellant], approximately [fifty] years of age, had a relationship with the victim . . . who is approximately [fifteen] years of age, in the months of August to September[,] 2003. Both individuals went to church together and [the Appellant] was considered to be the victim's godfather.
>
> Approximately September the 7th . . . [the] Collierville police officers got a call from . . . the victim's mother . . . . She told Collierville police officers that her daughter . . . had informed her that she had been having a sexual relationship with [the Appellant] at least five times. Those five times involved sexual activity by the [Appellant] and [the victim] at his home several times, as well as [at] the Memphis airport. A couple of those times [the Appellant] picked the minor . . . up at her home in Mississippi, took her to Tennessee to have sex.
>
> [D]etectives had [the victim] call the [Appellant] to tell [him] that . . . she believed that she might be pregnant. At that time he made a statement of admission stating that the things that they did, [but he stated the victim could not be pregnant because] he did not ejaculate.
>
> . . . .
>
> [With regard to sexual battery, the Appellant] also gave a statement to police officers that while the victim was asleep in the back seat of his car, that he touched her breasts and she awoke and told the [Appellant] to stop and that time he stopped.

The plea agreement provided that the Appellant would receive a one-year sentence, as a Range I offender, for each of the convictions. The agreement further provided that the trial court would determine the manner of service of the sentences and whether the sentences would run concurrently or consecutively. The agreement also specified that the Appellant could petition the court for judicial diversion.

A sentencing hearing was held on May 31, 2006; however, the Appellant introduced no proof, relying solely upon the presentence report. Moreover, the presentence report reflects that the Appellant declined to provide a statement to the case officer. The State called the victim's mother, Celena Jones, who testified that the Appellant and his wife developed a close relationship with the victim through the church which they all attended in Memphis. The Appellant and his wife were both involved in the children's ministry and Sunday School program of the church. Mrs. Jones further testified that the Appellant and his wife told her that they "wanted to be a blessing to [the victim]" and invited the victim to spend time in the Appellant's home. Mrs. Jones did not suspect any misconduct on the Appellant's part until her pastor notified her that the victim disclosed that the Appellant had been having sexual relations with her.

Mrs. Jones stated that the sexual abuse inflicted upon her daughter has had a traumatic impact in her life. For a period of time, the victim was "paranoid" that the Appellant would come to her school, and Mrs. Jones had to drive the victim to school every day and pick her up. Mrs. Jones also found it necessary to quit her job so she could take care of the victim. The victim is very uncomfortable "around people, particularly guys on any level," which has required counseling. Several years have passed since the abuse, and there are some days when "[the victim's] okay" and other days when "it's very much a part of her life." According to her mother, the victim had to deal with the fact that she was "played with, manipulated [and] deceived." The victim's abuse had also affected her siblings because it made "them feel uneasy around certain people."

Mrs. Jones was opposed to the Appellant's request for diversion. She explained: "I'm against the diversion because I don't understand why it should be wiped off of his record. It will never be wiped out of [the victim's] mind. It's something she's always got to find a way to cope with." Mrs. Jones further testified and noted that the Appellant and his family were going to another church and that "there are other young people out here that can fall into the same situation that [the victim] did."

The presentence report states that the Appellant is fifty-two years old and married. Information contained in the report also states that, in 1975, the Appellant joined the United States Air Force and was honorably discharged in 1983. He received an associate degree from Draughons Business College in 1986. Beginning in 1995, he worked as a "security office[r]" for FPIA, Inc. for over two years. Then, he worked as an investigator for the Shelby County Public Defender's Office from June, 1997 to October, 2003. No current employment was noted in the report. The Appellant has no prior adult criminal history.

At the conclusion of the hearing, the Appellant's request for judicial diversion or, in the alternative, total probation was denied. Instead, the trial court imposed split confinement and ordered that the Appellant serve sixty days of each sentence in the workhouse, followed by one year of probation. The Appellant's sentences were ordered to run concurrently, and the trial court stayed the judgment pending the outcome of this appeal.

The record on appeal also contains the following motions and supporting "exhibits" filed in this case by the Appellant at the trial level. On June 30, 2006, pursuant to Tenn. R. Crim. P. 35, the Appellant, through substituted counsel, filed a motion for "Modification or Reduction of Sentence." The Appellant requested a hearing and acknowledged that "previous counsel" had failed, in effect, to offer any evidence for judicial diversion at the May 31 sentencing hearing. On September 26, 2006, a second motion for modification or reduction of sentence was filed by the Appellant upon the same grounds.[1] Accompanying his second motion was a statement of the Appellant, referred to as a "Sentencing Hearing Affidavit," and a letter from the Appellant's wife, both of which are directed to the attention of the trial judge. The Appellant asserts that information contained within

---

[1]The record contains no ruling by the trial court on the Rule 35 motions, which were filed after notice of appeal of the trial court's sentencing decision was filed.

the "affidavits" provides "the court insight into the [Appellant's] candidacy for alternative sentencing."

**Analysis**

The Appellant asserts that "the court abused its discretion when it denied the [Appellant] judicial diversion without considering all required factors and articulating its basis for the denial." In the alternative, the Appellant argues that the trial court improperly denied his request for full probation based upon its failure "to properly consider the sentencing principles." We agree with the Appellant's contentions that the record is "void of any evidence" that the trial court considered the relevant factors and sentencing principles in denying both diversion and total probation.[2] Although the court clearly should have stated its reasons on the record, as required by statute and case law, vacation of the sentences and remand are not required, because the record is sufficient to permit meaningful review on appeal.

**I.     Judicial Diversion**

The statute regarding judicial diversion provides that "[a] court may defer further proceedings against a qualified defendant and place the defendant on probation upon such reasonable conditions as it may require without entering a judgment of guilty and with the consent of the qualified defendant." T.C.A. § 40-35-313(a) (2006).[3] A "qualified defendant" is one who is found guilty of or pleads guilty or nolo contendre to the offense, who is not seeking deferral of further proceedings for a "sexual offense" or a Class A or B felony, and who has not previously been convicted of a felony or a Class A misdemeanor. T.C.A. § 40-35-313(a)(1)(B)(i)(a)-(c). On the dates these crimes were committed, the offenses of statutory rape and sexual battery were not listed among the "sexual offenses" which would disqualify a defendant. Accordingly, at that time, a defendant found guilty of either offense was statutorily eligible for judicial diversion. T.C.A. § 40-35-313(a)(1)(B)(ii) (2003).[4]

---

[2]The court's findings are limited in toto to the following statement, "The Court finds, lawyers, after all of the [sic] what we've heard so far that due to the nature of this offense the Court will deny the diversion in the case. [The] Court, however, will allow the [Appellant] to be put on probation."

[3]Again, we are compelled to note that the trial court deviated from the statutory and procedural requirements to be employed when considering an applicant for judicial diversion. The judicial diversion statute plainly provides that, if granted, the trial court is obligated to withhold entry of a judgment of guilt and to immediately place the defendant on probation. T.C.A. § 40-35-313(a). Here, the Appellant pled guilty and the trial court entered judgments for each offense, after which the court scheduled a sentencing hearing for consideration of whether diversion was appropriate. "There is no statutory authority for permitting judicial diversion after an adjudication of guilt or imposition of sentence." *State v. Turco*, 108 S.W.3d 244, 245 (Tenn. 2003).

[4]Effective July 1, 2006, the General Assembly amended Tennessee Code Annotated section 40-35-313(a)(1)(B)(ii) to provide that a defendant who is convicted of statutory rape by an authority figure, as described in section 39-13-530, is ineligible for diversion. Moreover, section 39-13-530 provides that a defendant convicted of statutory rape by an authority figure is ineligible for probation. T.C.A. § 39-13-530(b) (2006).

In deciding whether to grant judicial diversion, the trial court must consider the following factors: (1) the accused's amenability to correction; (2) the circumstances of the offense; (3) the accused's criminal record; (4) the accused's social history; (5) the status of the accused's physical and mental health; (6) the deterrence value to the accused as well as others; and (7) whether judicial diversion will serve the ends of justice. *State v. Electroplating, Inc.*, 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998); *State v. Parker*, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996). The record must indicate that the court has weighed all of the factors in reaching its determination. *Electroplating, Inc.*, 990 S.W.2d at 229. If the trial court denied the request for judicial diversion, it should state in the record "the specific reasons for its determinations." *Parker*, 932 S.W.2d at 958-59. If the trial court "based its determinations on only some of the factors, it must explain why these factors outweigh the others." *Electroplating, Inc.*, 990 S.W.2d at 229. The decision of whether to grant a request for judicial diversion lies within the sound discretion of the trial court, and this court will not disturb that decision on appeal absent an abuse of discretion. *State v. Robinson*, 139 S.W.3d 661, 665 (Tenn. Crim. App. 2004); *Electroplating, Inc.*, 990 S.W.2d at 229.

Because the trial court in this case failed to consider those factors which are required to properly evaluate a request for judicial diversion, we, in turn, review each of those factors *de novo* to determine whether the denial of diversion constituted an abuse of discretion. *See Electroplating, Inc.*, 990 S.W.2d at 229.

First, the Appellant has failed to present any evidence to establish that he is amenable to correction.[5] His statement to the trial court is utterly without concern or remorse for the victim's plight.[6] His statement is recited, in relevant part, as follows:

> First, I take full Responsibility for allowing myself to be framed into a position where all of my attempts to "DO GOOD" could be "EVIL SPOKEN OF" by people with hidden agendas. My Kindness, Compassion and Desire to help people were taken as weaknesses and (by subsequent actions taken by my accusers) we were eventually viewed as "Targets of Economic Opportunity".
>
>         . . . .
>
> **Your Honor**, this entire process (**which in effect amounts to a DA Office Political Vendetta against me**) has taken approximately three (3) Years and over twenty (20)

---

[5]Again, we would note that the provisions of Tennessee Code Annotated section 39-13-705(a) were not met. This section provides, in relevant part, "[E]ach sex offender who is to be considered for probation or any other alternative sentencing shall be required to submit to an evaluation to determine treatment, risk potential, procedures required for monitoring of behavior to protect victims and potential victims, and an identification under the procedures developed pursuant to 39-13-704(d)(1)." T.C.A. § 39-13-705(a) (2006). Thus, no hearing should have been conducted in this case until this statutory provision was complied with.

[6]Because its introduction was intended to serve this purpose, the statement attached to the Appellant's Rule 35 motion may be considered as evidence if it is relevant to the issue on appeal and if no objection was made to strike its inclusion from the technical record. *See* Tenn. R. App. P. 24(e); Tenn. R. Evid. 201(b).

Continuations (for various reasons) which have resulted in "Traumatic Wilderness Experiences and Hard Lessons learned for Me and my wife. Our Marriage and Family Relationship with our boys have been extremely strained; and, I have lost my Excellent Reputation & Good Standing in the Community, Our Good Name, Home, Employment, Cars and a Level of Dignity.

In *State v. Dowdy*, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994), this court observed that the willingness of a defendant to accept responsibility for his or her wrongs, or a defendant who is unrepentant, are circumstances relevant in determining that person's potential for rehabilitation or, the equivalent, "amenability to correction." Based upon the scant evidence before us, we must conclude that the Appellant's potential for rehabilitation is low.

Second, the circumstances of the offenses are egregious. The Appellant earned a position of trust with the victim by assuming the role of her godparent and by serving as her mentor in the church. Clearly, the fifty-year-old Appellant utilized his position as an authority figure over the fifteen-year-old victim to effectuate his crimes. Moreover, we cannot ignore the proof that the Appellant's pattern of sexual abuse has had a traumatic and lasting impact upon the victim. Finally, with regard to factor six, we would agree with the mother of the victim that if diversion is granted, nothing is gained because the Appellant can simply go to a different church and "there are other young people out here that can fall into the same situation that [the victim] did."

With regard to factors three, four, and five, the record demonstrates that the Appellant's lack of a criminal history, his social history, and his "excellent physical and mental health" weigh in favor of the granting of diversion. Nonetheless, after *de novo* review of each of the factors, we conclude that the Appellant's lack of amenability to correction, the reprehensible and aggravated circumstances of the offenses, and the deterrence value to the Appellant and to others clearly outweigh the positive factors favoring diversion. Thus, we conclude that the trial court did not abuse its discretion in denying judicial diversion for either of the Appellant's offenses.

## II. Probation

The trial court ordered the Appellant to serve sixty days in the Shelby County workhouse before being placed on probation for each of his one-year sentences. The Appellant challenges the trial court's denial of his request for total probation.

Because the Appellant pled guilty to two Class E felonies, as a Range I offender, he is "presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." T.C.A. § 40-35-102(6) (2006). When a defendant is presumed to be an eligible candidate, the State can overcome the presumption with "evidence to the contrary." *Id*. However, the burden is on the Appellant to establish that he is suitable for total probation and "that probation will be in the best interest of the defendant and the public." *State v. Ring*, 56 S.W.3d 577, 586 (Tenn. Crim. App. 2001) (citing *State v. Baker*, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997)). Alternative sentencing, which includes total probation, may be denied on the basis of the circumstances of the offense alone, if those circumstances could be described as especially violent,

horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree; and when the nature and circumstances of the offense are such that they outweigh all other factors favoring probation. *State v. Fletcher*, 806 S.W.2d 785, 788-89 (Tenn. Crim. App. 1991); *see also State v. Hartley*, 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1991).

Following *de novo* review, we conclude that the circumstances in this case are reprehensible and offensive. As noted *supra*, the proof in this case established the vulnerability of the victim, the disparity in age between the Appellant and the victim, the victim's psychological trauma, the ongoing nature of the sexual encounters, the breach of trust, and the Appellant's total lack of remorse. Thus, after *de novo* review, we conclude that the trial court's imposition of sixty-day periods of confinement for each of the Appellant's convictions is clearly justified by the facts in this case.

## CONCLUSION

Based upon the foregoing and the record as a whole, the judgment of the Shelby County Criminal Court is affirmed.

_____
DAVID G. HAYES, JUDGE