# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JULY SESSION, 1997



**FILED**

December 18, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **OLEN EDWARD HUTCHISON,** | ) | **C.C.A. NO. 03C01-9702-CR-00065** |
| Appellant, | ) | |
| | ) | **CAMPBELL COUNTY** |
| **V.** | ) | |
| | ) | **HON. JAMES WITT, JUDGE** |
| **STATE OF TENNESSEE,** | ) | |
| Appellee. | ) | **(POST-CONVICTION)** |


FOR THE APPELLANT:

**CHRISTOPHER VAN RIPER**
STUART & VAN RIPER
300 Market Street
Clinton, TN 37716

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**JOHN P. CAULEY**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243-0943

**WILLIAM PAUL PHILLIPS**
District Attorney General

**MICHAEL O. RIPLEY**
Assistant District Attorney General
P.O. Box 323
Jacksboro, TN 37757


OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, Olen Edward Hutchison, appeals as of right from the trial court's dismissal of his second petition for post-conviction relief. The dismissal followed argument by both parties on the State's motion to dismiss. The trial court allowed both parties to argue the merits of the State's motion to dismiss, but no evidence was submitted by either side at the hearing. We affirm the judgment of the trial court.

In his appeal, Petitioner presents three (3) issues for review:

(1)    The trial court erred by not finding that the statute of limitations codified in Tennessee Code Annotated section 40-30-202(a) violated the due process rights of Petitioner and by not making findings of fact mandated by our supreme court in Sands v. State, 903 S.W.2d 297 (Tenn. 1995).

(2)    The trial court erred by finding that statements included within an exhibit attached to the petition for post-conviction relief were not "Brady" material.

(3)    The trial judge who granted the State's motion to dismiss was not one who was properly designated to hear this petition for post-conviction relief pursuant to Tennessee Code Annotated section 40-30-205.

FACTUAL BACKGROUND

Petitioner was convicted of the first degree murder of Hugh Huddleston, conspiracy to take a life, and solicitation to commit first degree murder. For the conviction of first degree murder, he received the death penalty. The convictions and sentences were affirmed on direct appeal. State v. Hutchison, 898 S.W.2d 161 (Tenn. 1994), cert. denied, ____ U.S. ____, 116

S.Ct. 137 (1995). On May 4, 1995, Petitioner filed his first petition for post-conviction relief. The trial court denied the petition following an evidentiary hearing on September 27, 1995, and the dismissal of the first petition for post-conviction relief was recently affirmed by a panel of this court. Olen Eddie Hutchison v. State, No. 03C01-9601-CC-00033, Campbell County (Tenn. Crim. App., Knoxville, Oct. 3, 1997). In the case sub judice, Petitioner filed his second petition for post-conviction relief pro se on August 1, 1996. The State filed a motion to dismiss this second petition on August 29, 1996. Petitioner filed a pro se response on September 12, 1996, and Petitioner's counsel in the first post-conviction petition appeared in the present case and filed a motion in the case sub judice on September 17, 1996. The trial court allowed a hearing in this matter on September 19, 1996, and dismissed the petition.

In the second post-conviction petition which is the subject of this appeal, the Petitioner alleges that the State withheld exculpatory material before and during the original trial which led to his convictions. Petitioner alleged that the material withheld was in violation of the mandates found in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963). The specific item argued in this court to be Brady material is a statement purportedly made by one Tony Goings to an insurance company investigator. In this recording of the statement given by Mr. Goings, one David Davis told Mr. Goings about a conversation he had with Richard Miller who was, as described by our supreme court in the direct appeal, the chief prosecution witness. Hutchison, 898 S.W.2d at 165. Petitioner admits in his brief that the report from the insurance investigator was included in a large volume of documents which Petitioner's attorney was allowed to examine prior to the hearing of the original post-conviction petition. Petitioner argues, however,

that he and his counsel were not provided with adequate time to "examine and utilize" the investigative report in order to include it in the original post-conviction hearing.

The trial court dismissed the present petition because it was filed after the expiration of the applicable one year statute of limitations and a prior petition for post-conviction relief had been previously filed and heard on its merits. He also ruled that the claims and issues asserted had been waived pursuant to Tennessee Code Annotated section 40-30-206(g), and the facts alleged in the Petition, even if taken as true, failed to show that the Petitioner is entitled to relief as the alleged exculpatory evidence does not constitute "Brady" material pursuant to Tennessee Code Annotated section 40-30-206(f).

DUE PROCESS VIOLATION

Relying upon Sands v. State, 903 S.W.2d 297 (Tenn. 1995), the Petitioner argues that the trial court erred by not making certain findings of fact as mandated in that decision of our supreme court, and by not finding that the statute of limitations violated his due process rights. In Burford v. State, 845 S.W.2d 204 (Tenn. 1992), our supreme court held that the three-year statute of limitations then in effect on post-conviction petitions complies with the due process requirements of the United States and Tennessee Constitutions. However, the supreme court also recognized that "before a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a

-4-

meaningful manner." Id. at 208 (citations omitted). Therefore, the supreme court found that in particular circumstances, application of the statute of limitations might not afford a reasonable opportunity to have an issue heard and decided. Id. In addition, the court suggested that "[c]learly, it would be helpful in such instances for the legislature to adopt a shorter statute of limitations for later arising grounds providing such a reasonable opportunity." Id. In a separate concurring opinion Justice Daughtrey also noted that "[i]t obviously would be best if the Tennessee General Assembly would enact legislation dealing specifically with the effect of T.C.A. § 40-30-102 [statute of limitations on post-conviction matters] on later-arising grounds." Id. at 212.

Petitioner's first petition for post-conviction relief attacking his convictions and sentences was timely filed and an evidentiary hearing was held. Not only does the statute of limitations bar the second petition for post-conviction relief, but it is also barred by the provisions of Tennessee Code Annotated section 40-30-202(c) which states in part, "[t]his part contemplates the filing of only one (1) petition for post-conviction relief. In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment." Tennessee Code Annotated section 40-30-206(b) provides in pertinent part that "[i]f it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that . . . a prior petition was filed attacking the conviction and was resolved on the merits, the judge shall enter an order dismissing the petition."

As noted above, Petitioner candidly admits that he had access to the alleged "Brady" material prior to the hearing on the first petition for post-conviction relief. There is no evidence in the record to suggest that Petitioner

was not provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner as required by Burford, 845 S.W.2d at 208.

Therefore, this issue is without merit.

FINDING THAT ALLEGED EXCULPATORY INFORMATION WAS NOT "BRADY" MATERIAL

The trial court was justified in dismissing this second petition for post-conviction relief on the basis that it had been filed after expiration of the statute of limitations, and another petition for relief had already been filed and heard on the merits. However, the trial court erred in relying upon Tennessee Code Annotated section 40-30-206(f) to support dismissal of the petition without an evidentiary hearing.

In its order dismissing the petition, the trial court stated that the allegations in the petition, even if true, failed to show that the Petitioner was entitled to relief, failed to show that the claims for relief had not been waived, and made a finding that the alleged exculpatory evidence did not constitute "Brady" material. In its ruling from the bench, the trial court expressed doubt that Petitioner could prove the allegations contained in the petition.

Included within the petition are the allegations that the prosecution knowingly presented perjured testimony during the trial and withheld exculpatory information, among other claims. In essence, it appears from the record that the trial court made a determination, without an evidentiary hearing, that it did not believe the allegations.

-6-

The standard in Tennessee Code Annotated section 40-30-206(f) requires the trial court to assume the facts alleged to be true, and then make a determination that the Petitioner is still not entitled to any relief. Also, there are allegations in the petition that the claims for relief were not waived. We respectfully find that the trial court applied the wrong standard of review and the petition should not have been dismissed pursuant to Tennessee Code Annotated section 40-30-206(f). However, since we determined that the petition was properly dismissed because it had been filed after expiration of the statute of limitations and a prior post-conviction petition had been filed and heard on the merits, any error by the trial court was harmless.

TRIAL COURT'S JURISDICTION

Petitioner argues that Judge James C. Witt did not have jurisdiction to enter an order dismissing the petition for post-conviction relief. In support of his argument, he relies upon Tennessee Code Annotated section 40-30-205(b) which provides as follows:

> At either the trial proceeding or an appellate proceeding reviewing the proceeding, the presiding judge of the appropriate court shall assign a judge to hear the petition. The issue of competency of counsel may be heard by a judge other than the original hearing judge. If a presiding judge is unable to assign a judge, the chief justice of the supreme court shall designate an appropriate judge to hear the matter.

It appears from the record that Judge Witt was designated to preside over the trial of the original charges and also was designated to hear the first petition for post-conviction relief. Counsel for Petitioner did not challenge the

appropriateness of Judge Witt to hear the case until the morning of the hearing on the State's motion to dismiss.

While we recognize that the language contained in Tennessee Code Annotated section 40-30-205(b) appears to be mandatory, we also note there is nothing in the record to indicate that the presiding judge of the Circuit Court of Campbell County would not appoint Judge Witt to hear this particular petition. Even if it was error for Judge Witt to hear the State's motion to dismiss without strict compliance with Tennessee Code Annotated section 40-30-205(b), we hold that it was harmless error. In May v. State, 589 S.W.2d 933, 934 (Tenn. Crim. App. 1979), our court held that it was harmless error for the trial court to dismiss a petition for post-conviction relief without an evidentiary hearing and not comply with a statute requiring the court to designate a judge other than the one who presided at trial to hear a related post-conviction matter. This issue is without merit.

Finding no reversible error, we affirm the judgment of the trial court. The sentence of death will be carried out as provided by law on the 8th day of April, 1998, unless otherwise ordered by the Tennessee Supreme Court or other proper authority.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
DAVID H. WELLES, Judge

-8-

_____
JOHN K. BYERS, Senior Judge